**James MILLER, Petitioner,**

v.

**Hon. Ben C. CONNALLY, Judge of the United States District Court for the Southern District of Texas, Respondent.**

**No. 22882.**

United States Court of Appeals
Fifth Circuit.

Dec. 13, 1965.

---

W. Paul Flynn, New Haven, Conn., Richard H. Simons, Milford, Conn., for petitioner.

William B. Butler, Asst. U. S. Atty., Houston, Tex., for respondent.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge:

James Miller (also known as Frank James Coppola), a resident of Connecticut, is now under indictment pending in the United States District Court for the Southern District of Texas, Laredo Division, for violation of the federal narcotics laws, 21 U.S.C.A. § 174. He is charged, inter alia, with having conspired to smuggle heroin into the United States from various other nations. The indictment alleges some 54 overt acts committed by various persons in furtherance of the conspiracy, two of which are alleged to have been committed by Miller in Connecticut. One of the principal such overt acts was that of a fellow-conspirator who entered the Southern District at Laredo from the Republic of Mexico with 76 pounds of the narcotic.

Miller filed numerous motions in the District Court, one of which was a motion to transfer the proceedings against him to the District Court for the District of Connecticut. The Honorable Ben C. Connally denied said motion, and Miller has now petitioned this Court for a Writ of Mandamus and/or Prohibition directing the transfer. His petition is based on the following grounds: (1) Under Article III, Section 2, Clause 3 and the Sixth Amendment of the Constitution he has a right to be tried in Connecticut, since the indictment indicates that he committed the offense there. (2) Since 21 U.S.C.A. § 174 is basically a "tax statute," and he resides in Connecticut, the provisions of 18 U.S.C.A. § 3237(b)[1]

1. Section 3237(b)
   "Notwithstanding subsection (a), where an offense involves use of the mails and is an offense described in section 7201 or 7206 (1), (2), or (5) of the Internal Revenue Code of 1954 (whether or not the offense is also described in another provision of law),

require that he be tried there. (3) In view of the allegations that part of the alleged conspiracy took place outside of the United States, and the fact that he was arrested in Connecticut, he has a right under 18 U.S.C.A. § 3238 [2] to be tried in Connecticut. (4) The trial judge grossly abused the discretion vested in him by Rule 21 F.R.Crim.P.[3] in refusing to transfer the case, because of (a) the burdensome inconvenience and expense of his having to come from Connecticut to be tried in Texas; and (b) alleged adverse publicity created by the previous convictions of fellow-conspirators there.

■ The Writs of Mandamus and Prohibition are granted sparingly. Such writs are "reserved for really extraordinary causes," Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041, 2043 (1947), and should be issued only when the right to such relief is "clear and undisputable." United States ex rel. Bernardin v. Duell, 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559, 561 (1899). To some extent they are supervisory in nature and are used "to confine an inferior court to a lawful exercise of its prescrib-

ed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185, 1190 (1943). They are not to be used as a substitute for an appeal, or to "control the decision of the trial court" in discretionary matters. Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106, 111 (1953).

■ We conclude that the Writ of Mandamus or Prohibition should not issue, and the petition therefor is hereby denied. The trial judge has not exceeded his jurisdiction or refused to exercise his authority in circumstances requiring him to do so. No unusual or extraordinary circumstances are present which otherwise require the issuance of the Writ.

■ As a general proposition, petitioner has the constitutional right to be tried in the state where the offense was committed. However, it has long been held that a conspiracy may be prosecuted in any district where an overt act was committed. Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114;

---

and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed: *Provided*, That the motion is filed within twenty days after arraignment of the defendant upon indictment or information. As amended Aug. 6, 1958, Pub.L. 85–595, 72 Stat. 512."

2. Section 3238

"The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment

or information may be filed in the District of Columbia. As amended May 23, 1963, Pub.L. 88–27, 77 Stat. 48."

3. Rule 21 (a) and (b)

"(a) For Prejudice in the District or Division. The court upon motion of the defendant shall transfer the proceeding as to him to another district or division if the court is satisfied that there exists in the district or division where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in that district or division."

"(b) Offense Committed in Two or More Districts or Divisions. The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

Downing v. United States (5 Cir. 1965) 348 F.2d 594.

■ Petitioner's contention that Sections 3237(b) and 3238 of Title 18 U.S.C.A. give him the right to be tried within the District of Connecticut borders on frivolity. Even if the offense charged be considered as "an offense described in section 7201 or 7206(1), (2), or (5) of the Internal Revenue Code of 1954 * * *," the indictment mentions absolutely nothing concerning "the use of the mails," as required by Section 3237(b). Nor is it an offense "committed upon the high seas, or elsewhere out of the jurisdiction of any particular State * * *." [4]

■ The petitioner's contention that the trial judge so abused his discretion as to require the issuance of the Writs is answered by the recent decision in Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 245, 84 S.Ct. 769, 11 L.Ed. 2d 674, 679 (1964), where the Court expressly disapproved a "de novo" examination of the record or exercise of the power of discretion by the Court of Appeals itself in mandamus proceedings. It is our opinion that a review of the correct standards used in considering transfer under Rule 21 is a matter ordinarily and more properly to be considered on direct appeal. Bankers Life & Cas. Co. v. Holland, supra. In any event, the burden of proving the allegations of the indictment is on the Government and any errors committed during the trial are subject to review upon direct appeal. We find no merit in any of the contentions of the petitioner.

The petition is denied.

4. The following is from the memorandum ruling of the trial court:

"Miller's motion to transfer to Connecticut is based upon §§ 3237 and 3238 of Title 18, U.S.C.A. He contends that 3237(b) is controlling and that the present offense is one which 'involves use of the mails and is an offense described in Section 7201 * * * of the Internal Revenue Code of 1954'; or that under 3238 it is an offense 'begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or District,'. The short answer to this contention is that

the indictment does not allege an offense involving use of the mails or one described in Section 7201 of Title 18 [sic] (Title 26), U.S.C.A.; nor is it one begun or committed upon the high seas, etc. Rather, it is an offense as described in 3237(a) of Title 18 'continued, or completed' in this District, where one of the overt acts is alleged to have transpired. E.g., United States v. Seagraves, 265 F.2d 876 (3rd Cir. 1959); Kott v. United States, 163 F.2d 984 (5th Cir. 1947). Such motion to transfer is denied."