**Robert Wayne WILLIAMS, Petitioner-Appellant,**

v.

**Frank C. BLACKBURN, Warden, Louisiana State Penitentiary, and William J. Guste, Attorney General of the State of Louisiana, Respondents-Appellees.**

No. 81–3159.

United States Court of Appeals, Fifth Circuit. Unit A

June 18, 1981.

---

Richard E. Shapiro, New Orleans, La., for petitioner-appellant.

Barbara B. Rutledge, Asst. Atty. Gen., New Orleans, La., John Sinquefield, Kay Kirkpatrick, Asst. Dist. Attys., Baton Rouge, La., for respondents-appellees.

Before BROWN and GARZA, Circuit Judges, and BEER,* District Judge.

PER CURIAM:

On January 5, 1979, Petitioner Robert Wayne Williams participated in the robbery of a Baton Rouge, Louisiana, grocery store. During the robbery, Williams told the store security guard to give up his pistol. Before the guard did so, Williams shot him in the face at point-blank range with a sawed-off shotgun.

Petitioner was convicted of first-degree murder in Louisiana State District Court. In the penalty phase of his bifurcated trial, the jury recommended the penalty of death after finding the existence of three of the necessary aggravating factors listed by the Louisiana Code of Criminal Procedure, Article 905.4: (1) that the offender was engaged in armed robbery, (2) that he knowingly created a risk of death or great bodily harm to more than one person, and (3) that the offense was committed in an especially heinous, atrocious or cruel manner.

The conviction and sentence were affirmed by the Supreme Court of Louisiana. *State v. Williams*, 383 So.2d 369 (La.1980). Certiorari was denied. *Williams v. Louisiana*, —— U.S. ——, 101 S.Ct. 899, 66 L.Ed.2d 828 (1981). The state district judge signed a warrant ordering the imposition of sentence on March 31st. Williams sought habeas corpus in the state courts, but his petitions were denied. He filed this petition in the district court below on March 26th. The court requested and received the entire state trial record which it "carefully and personally read". The petition was denied on March 27th without hearing or oral argument, for the reasons set out in an opinion which is attached hereto as an appendix.

This court stayed Williams' execution on March 28th, and expedited consideration of his appeal. He raises a number of points, several of which allege error in the original trial, and several of which allege error in the manner whereby the federal district court considered and determined this matter. We find each point to be meritless, and, for the reasons stated below and those stated in the district court's opinion, we affirm.

█ With regard to the state court, Williams asserts that (1) the exclusion of certain jurors at the voir dire phase violated the constitutional rule announced in *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980); (2) that there was in-

* District Judge for the Eastern District of Louisiana, sitting by designation.

sufficient evidence under the due process clause to support the second and third of the three aggravating circumstances found by the jury; (3) that he was deprived of the effective assistance of counsel at both the guilt and sentencing phases of his trial; and (4) that the Louisiana Supreme Court's system for comparative review of death sentences by judicial district rather than on a state-wide basis is unconstitutional in that it fails to ensure fair and evenhanded imposition. The district court expressly considered and rejected the first three of these claims. We find the reasons given in the court's opinion to be adequate and correct. As to the last point, on the Louisiana comparative review mechanism, we have heard nothing which would even hint at unconstitutionality, and wholly reject the argument.

█ Williams argues that the federal court erred by (1) denying the ineffective assistance of counsel claims without affording an evidentiary hearing, (2) in applying the presumption of validity found in 28 U.S.C. § 2254(d) to legal conclusions rather than factual determinations, and (3) in failing to afford "independent consideration" to eight of Williams' constitutional claims. To begin, we note that every assertion of ineffective assistance does not require a hearing; where the district court had the complete record before it, and particularly where it expressly states that a full and searching review was made, we are not required to remand so that the district court would be compelled to go through the motions of a hearing, unless it appears to us that additional evidentiary development was necessary on a specific point. Here, we find nothing which would require a hearing, and hold the district court to have been correct in its rejection of the ineffective assistance points. We further hold that the district court did not err in its deference to legal conclusions made in state court; while a presumption of validity was not required by statute, the court was free to accept conclusions of law if it deemed them correct. Finally, we note that the district court's opinion reveals a careful and meticulous inquiry into the law and facts of this case, and reject any argument that certain of Williams' claims were disregarded.

Therefore, we affirm the judgment of the district court. The stay previously issued by this court will remain in effect until June 30th, expiring on that day. We further serve notice that no motion for rehearing will be entertained, and order the clerk to issue our mandate immediately.

AFFIRMED.

APPENDIX

SUPPLEMENTAL OPINION AND
WRITTEN REASONS FOR
JUDGMENT

Robert Wayne Williams was convicted of first degree murder and sentenced to death by a jury in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. His conviction and sentence were affirmed by the Louisiana Supreme Court. *State v. Williams*, 383 So.2d 369 (La.1980). Petitioner was granted a stay of execution pending his appeal to the United States Supreme Court. The United States Supreme Court denied petitioner's writ of certiorari, *Williams v. Louisiana*, —— U.S. ——, 101 S.Ct. 899, 66 L.Ed.2d 828 (1981), and his petition for rehearing. *Williams v. Louisiana*, —— U.S. ——, 101 S.Ct. 1493, 67 L.Ed.2d 622 (1981). Following the United States Supreme Court's refusal to hear petitioner's appeal, the state trial judge signed a warrant of execution ordering petitioner to be put to death on Tuesday, March 31, 1981, between the hours of 12:00 o'clock, midnight and 3:00 o'clock A.M. Thereafter, petitioner filed an application for a stay of execution and an application for a writ of habeas corpus in the Nineteenth Judicial District Court. For written reasons assigned on March 24, 1981, the state district court denied petitioner's application for a stay of execution and also denied petitioner's application for a writ of habeas corpus. The Louisiana Supreme Court denied petitioner's application for a stay of execution and review of application for post-conviction relief on March 26, 1981. Petitioner then filed suit in the United States District

Court for the Middle District of Louisiana seeking a stay of execution and an application for writ of habeas corpus. Thus, petitioner has exhausted his available state court remedies.

Petitioner contends that his federally protected rights were violated in the following manner:

(1) Three prospective jurors were erroneously excused for cause in violation of *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).

(2) Petitioner was deprived of the effective assistance of counsel at his sentencing hearing.

(3) Petitioner's death sentence violates the due process clause of the Fourteenth Amendment because there was insufficient evidence to support the jury's finding that (a) the offender knowingly created a risk of death or great bodily harm to more than one person; and (b) the offense was committed in an especially heinous, atrocious or cruel manner.

(4) The jury's finding that the offense was committed in an especially heinous, atrocious or cruel manner was in violation of the decision rendered in *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980).

(5) The Louisiana Supreme Court violated petitioner's constitutional rights under the Eighth and Fourteenth Amendments when it only reviewed the evidentiary sufficiency of one of the three aggravating circumstances found by the jury.

(6) The trial court erred in failing to provide the jury with limiting instructions on the statutory aggravating circumstances.

(7) The Louisiana Supreme Court has adopted inconsistent standards of appellate review thereby increasing the likelihood of arbitrary and capricious sentencing in death cases.

(8) The Louisiana Supreme Court erred in reviewing other first degree murder cases only in the district in which the sentence was imposed rather than reviewing first degree murder cases on a statewide basis.

(9) The death sentence imposed upon petitioner was disproportionate and excessive under Louisiana law and the Eighth and Fourteenth Amendments to the Constitution of the United States.

(10) The trial court erroneously instructed the jury concerning the mitigating circumstances and the role of such circumstances in determining a death sentence.

(11) The Louisiana death penalty statute is unconstitutional under the Eighth and Fourteenth Amendments to the Constitution of the United States.

(12) The trial court erred in allowing the state to present evidence of an armed robbery at petitioner's trial on the charge of first degree murder.

(13) Petitioner was denied effective assistance of counsel when his attorneys failed to suppress a taped confession and other inculpatory statements.

There is no need for an evidentiary hearing in this case. The state court record is attached.

In reviewing a state prisoner's application for writ of habeas corpus, the federal court is bound by the provisions set forth in 28 U.S.C. § 2254(d) and the standards set forth in *Sumner v. Mata*, —— U.S. ——, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *LaVallee v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Thus, in a federal habeas corpus proceeding instituted by a state prisoner, a determination after a hearing on the factual issues made by a state court of competent jurisdiction and evidenced by a written finding, written opinion or other reliable and adequate written indicia shall be presumed to be correct unless one of the seven specified conditions set forth in 28 U.S.C.

§ 2254 is found to exist or unless the habeas corpus court concludes that the relevant state court determination is not fairly supported by the record. *Sumner v. Mata,* supra. Both the Louisiana Supreme Court and the state district court have made determinations of factual issues which have been reduced to writing in a written opinion. In the absence of the enumerated factors set forth in 28 U.S.C. § 2254, "the burden shall rest on the habeas petitioner, whose case by that time had run the entire gamut of a state judicial system, to establish 'by convincing evidence that the factual determination of the state court was erroneous.' 28 U.S.C. § 2254(d). Thus, Congress meant to insure that a state finding not be overturned merely on the basis of the usual 'preponderance of the evidence' standard in such a situation." *Sumner,* —— U.S. at ——, 101 S.Ct. at 771. Petitioner's assignment of errors which he alleges in his federal habeas corpus petition in paragraphs 3, 4, 6, 7, 9, 10, 11 and 12 were previously considered by the Louisiana Supreme Court on petitioner's direct appeal to that court. *State v. Williams,* supra. This Court hereby adopts the findings of fact and conclusions of law of the Louisiana Supreme Court as its own findings of fact and conclusions of law on these issues. *State v. Williams,* supra.

The state district court in the opinion it rendered on March 24, 1981, also considered the same thirteen issues which are raised in this suit. As noted earlier, the Louisiana Supreme Court refused to review the decision rendered by the state district court on petitioner's state court application for writ of habeas corpus.

The issues which the Louisiana Supreme Court did not discuss in its opinion rendered on petitioner's direct appeal will now be considered more fully by this Court. Petitioner first contends that three prospective jurors were erroneously excused for cause in violation of the dictates of *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). Petitioner's claim is without merit. Furthermore, the arguments set forth in

petitioner's memorandum on this issue are not complete. A careful review of pages 83, 84, 185 and 186 of the trial transcript which sets forth the voir dire examination of the three jurors in question clearly shows that the mandates set forth by the United States Supreme Court in the *Witherspoon* and *Adams* decisions were strictly adhered to and followed by the trial court.

Petitioner further contends that he was deprived of the effective assistance of counsel at his sentencing hearing and also was deprived of the effective assistance of counsel because his counsel failed to set forth a legal argument in the motion to suppress filed on behalf of the petitioner during the state court criminal proceedings. In setting forth his written reasons denying petitioner's application for writ of habeas corpus, the state trial judge stated:

"Claim No. 2
This is a claim stating that petitioner was deprived of the effective assistance of counsel at the sentencing phase of the trial. This judge was the trial judge in the case and was required, in the post-conviction report to the Louisiana Supreme Court, to discuss in detail the effective representation of counsel at the trial. The court was convinced after the trial and is still convinced that the petitioner did receive effective assistance by both counsel. The records and transcripts also convince the court of this fact. Therefore, the court is of the opinion that this item should be denied. * * *

Claim No. 13 (this item is included in petitioner's amended petition)
This again is an item dealing with effective assistance of counsel. This court is of the opinion that counsel in this case was competent, and filed all motions available to it. The transcript of the proceedings varified [sic] this."

This Court has also carefully reviewed the record to determine whether or not petitioner received the effective assistance of counsel during the course of the trial and also at the sentencing hearing. In reviewing the record to determine whether or not

petitioner received effective assistance of counsel from his court appointed attorneys, the Court was guided by the standards set forth by the Fifth Circuit Court of Appeals in *MacKenna v. Ellis*, 280 F.2d 592 (5 Cir. 1960), modified 289 F.2d 928 (5 Cir. 1961), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); *U. S. v. Gray*, 565 F.2d 881 (5 Cir. 1978), cert. denied, 435 U.S. 955, 98 S.Ct. 1587, 55 L.Ed.2d 807 (1978); *Herring v. Estelle*, 491 F.2d 125 (5 Cir. 1974). As set forth in the opinions of the Fifth Circuit Court of Appeals, effective counsel does not mean "errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *MacKenna v. Ellis*, supra, at 599. This necessarily "involves an inquiry into the actual performance of counsel in conducting the defense ... based on the totality of the circumstances and the entire record." *U. S. v. Gray*, 565 F.2d at 887. Although this Court believes that the findings of fact made by the state district court on the issue of effective assistance of counsel are correct, the Court has made a separate and independent review of the entire record and makes the following additional findings of fact. After entering a not guilty plea on behalf of the petitioner, petitioner's counsel filed a motion for a sanity commission hearing, a motion for discovery and inspection, and a motion to suppress evidence. A full and complete hearing was held on petitioner's motion to suppress certain confessions which were given by petitioner following his arrest. At the beginning of the trial, and prior to the time any testimony was taken, counsel filed a general objection to any evidence which pertained to the alleged armed robbery. Thereafter, counsel for petitioner made a very adequate and complete opening statement, made numerous objections to questions propounded by the district attorney during the course of the trial, and fully and adequately cross examined at least seven of the state's witnesses. In addition, the counsel for petitioner successfully objected to seven photographs which the state attempted to introduce which showed pictures of a badly mutilated body of the victim. In addition, counsel re-urged the objections made in the pre-trial motion to suppress the statements which the state attempted to introduce during the course of the trial. After the state rested its case, counsel called an expert on guns to support the petitioner's contention that the gun did not work properly and, therefore, petitioner did not have the specific intent to kill the victim. In addition thereto, counsel for petitioner called three neighbors and friends of the petitioner to set forth in the record the petitioner's very heavy dependency on drugs and was able to obtain a stipulation from the state regarding three additional witnesses whose testimony would have been cumulative on this same issue. Furthermore, counsel for petitioner obtained a stipulation from the state regarding testimony which Dr. Hypolite Landry would have given regarding the effect of the drugs on petitioner. Prior to the time the judge instructed the jury in this case, the petitioner requested the judge to give a jury instruction regarding intoxication. Following the jury's verdict in this case, counsel for petitioner again successfully objected to the very gruesome pictures of the victim's body which the state attempted to introduce at the sentencing hearing. Petitioner's counsel also called petitioner's mother who testified in detail regarding petitioner's background, good character, his church activities, and his involvement with drugs and the problems resulting from his drug usage. Counsel then made a very detailed and adequate closing argument to the jury at the sentencing hearing. A careful review of the total record in this case requires this Court to find, as the state district judge did, that petitioner received the effective assistance of counsel at all stages of his trial, including the sentencing hearing. The Court must further note that when this matter was appealed to the Louisiana Supreme Court on direct appeal, counsel for petitioner filed a very detailed brief regarding the sentence which was imposed on the petitioner in this case. In the federal application and also in the state application, the petitioner has now attached certain affidavits of witnesses which he contends his trial counsel erroneously failed to call at the trial

of this case. However, a careful review of these affidavits reveals that these witnesses would not have added any new evidence to that which had already been presented at the sentencing hearing by petitioner's mother. These affidavits contain cumulative testimony which had previously been introduced during the trial and at the sentencing hearing. Also, the Court finds that the motion to suppress filed by the petitioner's counsel was a proper motion. The additional grounds now being urged by petitioner's counsel would not, in this Court's opinion, have affected the final conclusion rendered by the trial court and the Louisiana Supreme Court. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924); *United States v. Cortez, et al.,* —— U.S. ——, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Finally, the Court must note what petitioner's trial counsel did following the verdict in this case. After the verdict was rendered herein, counsel for petitioner filed a motion for new trial and a motion and arrest of judgment. After these motions were denied, an appeal was filed with the Louisiana Supreme Court. This appeal was adequately and properly briefed by counsel for petitioner. Considering these additional factors, the Court, as indicated previously, finds the petitioner received reasonably effective assistance of counsel at all stages of these proceedings.

The final argument raised by petitioner is that the Louisiana Supreme Court erred when it failed to review only one of the three aggravating circumstances which the jury found to support its death penalty verdict. The Court agrees with the decision rendered by the Louisiana Supreme Court in *State v. Williams,* supra, that it was only necessary for that court to review only one of the three mitigating circumstances which the jury found since it is only necessary for the jury to find one aggravating circumstance to support the death penalty. However, out of an abundance of caution, this Court, has completely reviewed the record in this case and finds that all three aggravating circumstances found by the jury are fully, totally, and adequately supported by

the evidence presented at the trial of this case. In other words, the Court finds that the state has proven beyond a reasonable doubt the evidence to support the three aggravating circumstances which the jury found in this case.

Finally, the Court must note that when petitioner filed an application for writ of certiorari with the United States Supreme Court, petitioner contended that his federally protected rights were violated in the following manner: "(1) the sentencing charge to the jury was unconstitutional because the instructions failed to provide clear and objective standards for the exercise of the jury's sentencing discretion; (2) petitioner was denied his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution when the Supreme Court of Louisiana reviewed only one aggravating circumstance found by the jury to support its verdict of death; (3) petitioner's right to an impartial jury under the Sixth and Fourteenth Amendments to the United States Constitution was violated by the dismissal for cause of three jurors who never stated that they were irrevocably against imposing the death penalty." As noted earlier in this opinion, the United States Supreme Court refused to grant petitioner's application for writ of certiorari. *Williams v. Louisiana,* supra.

This Court realizes the seriousness of this case. For this reason this Court has made a very detailed and careful review and study of the entire record of this case, including the entire state court record. After so doing, this Court must and does conclude that it could find no error of any kind which would in any way cause this Court to stay the execution of petitioner which is set for March 31, 1981 or to grant petitioner an application for writ of habeas corpus. The Court also concludes that it would serve no useful purpose to delay these proceedings in order to conduct an evidentiary hearing into petitioner's complaints. The Court believes that no hearing is required to rule on the issues which petitioner has raised in his application. The Legislature for the State

of Louisiana has, in its wisdom, decided to impose the death penalty as one sentencing alternative in first degree murder cases. The Legislature has provided a very detailed and constitutional procedure to be followed by the state court and the jury sitting in the state court before the jury can impose a death sentence. This procedure was carefully and meticulously followed in this case by the state trial judge and by the jury who heard the evidence in this case. Petitioner's case has now been reviewed by the state district court on motions for new trial and on post-conviction relief, by the Louisiana Supreme Court on direct appeal and on a petition for writ of certiorari for post-conviction relief, by the United States Supreme Court, and now by the United States District Court for the Middle District of Louisiana. This Court is totally and completely satisfied that petitioner has been accorded all of the constitutional rights which he is entitled to under our system of justice. Therefore, this Court shall not delay the execution which has been set for March 31, 1981, nor shall this Court grant to petitioner an application for writ of habeas corpus.

For reasons set forth above:

IT IS ORDERED that petitioner's application for stay of execution be and it is hereby DENIED.

IT IS FURTHER ORDERED that petitioner's application for writ of habeas corpus be and it is hereby DENIED.

Judgment shall be entered accordingly.