**In re Louie L. WAINWRIGHT, Petitioner.**

**No. 82–5118.**

United States Court of Appeals, Eleventh Circuit.

June 14, 1982.

Rehearing and Rehearing En Banc Denied Aug. 11, 1982.

Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, Fla., for petitioner.

William Sheppard, Sheppard & Carithers, Jacksonville, Fla., for Alvord.

Before TJOFLAT, FAY and HENDERSON, Circuit Judges.

TJOFLAT, Circuit Judge:

Petitioner Louie L. Wainwright, in his capacity as Secretary of the Department of Corrections of the State of Florida, asks this court to issue a writ of prohibition to prevent the district court from conducting an evidentiary hearing in a habeas corpus proceeding pending before that court. We decline to issue the writ.

Petitioner Wainwright is the respondent in the habeas proceeding in which Gary Eldon Alvord seeks to have his murder conviction, for which he was sentenced to death, declared unconstitutional. After considering the moving papers filed by both parties, the district court, over Wainwright's objection, ordered an evidentiary hearing limited to consideration of two of Alvord's habeas claims: ineffective assistance of counsel and denial of adequate psychiatric examination. Wainwright moved the district court to certify an interlocutory appeal of its decision to conduct the evidentiary hearing, but the court refused. He then applied to this court for a writ of prohibition, seeking to prevent the district court from holding a hearing on Alvord's claims.

Relying on *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), Wainwright argues that the district court erred in granting an evidentiary hearing "without first concluding that the state proceedings wherein Alvord first aired his claims did not constitute full and fair hearings." This contention misses the mark. The Supreme Court in *Mata* interpreted section 2254(d) of the habeas statute,[1] which

1. 28 U.S.C. § 2254(d) (1976), provides:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by con-

requires the federal habeas court to presume that written state court factual findings are correct unless one of eight enumerated exceptions pertains. The *Mata* Court held that when a federal court grants a habeas writ it must expressly articulate the reasoning which led it to conclude that one of section 2254(d)'s exceptions is applicable. 449 U.S. at 551, 101 S.Ct. at 771. *Mata* in no way speaks to the issues of if and when a federal habeas court may hold an evidentiary hearing. Moreover, section 2254(d) contemplates that in some cases the federal court will hold an evidentiary hearing for the purpose of determining whether to apply the presumption of correctness to the state court findings;[2] if the court does apply the presumption, "the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous." 28 U.S.C. § 2254(d) (1976). Thus, neither *Mata* nor section 2254(d) can be read to require the federal habeas court to determine section 2254(d)'s applicability *prior to* holding an evidentiary hearing on the habeas claims. *See generally, Washington v. Watkins*, 655 F.2d 1346, 1352–54 (5th Cir. 1981).[3]

◼ Putting aside the merits of Wainwright's claim, the issue before us is not merely whether the district court erred in ordering the evidentiary hearing, but whether we should grant a writ of prohibition to prevent such a hearing. Writs of prohibition are not issued unless the petitioner shows "exceptional circumstances amounting to a judicial 'usurpation of power.'" *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967) (citation omitted). As the former Fifth Circuit stated in *Miller v. Connally*, 354 F.2d 206, 208 (5th Cir. 1965):

> Writs of ... Prohibition are granted sparingly. Such writs are "reserved for really extraordinary causes" ... and should be issued only when the right to relief is "clear and undisputable." ... They are not to be used as a substitute for an appeal, or to "control the decision of the trial court" in discretionary matters....

(citations omitted).

◼ All the district court has done in this case is to schedule an evidentiary hearing. Wainwright has made no showing of "judicial usurpation of power" or of prejudice to his position as a result of the district court's action. Further, he has not advanced a single reason why any complaints he may have with the district court's handling of the habeas claim cannot be addressed through the regular appeals process. Manifestly, Wainwright has not demonstrated any "exceptional circumstances" requiring us to issue a writ of prohibition.

PETITION DENIED.

FAY, Circuit Judge, dissenting:

I respectfully dissent. Petitions for habeas corpus brought by state prisoners under 28 U.S.C. § 2254 are troublesome. They have created many problems for both state and federal courts and inevitably lead to friction between the separate judicial systems. Section 2254(d) of the habeas corpus statute, however, specifically provides a mechanism for alleviating much of this friction and is, I believe, directly applicable to the unique circumstances of this case.

The petition for writ of habeas corpus in the present case requested the Federal District Court to grant an evidentiary hearing on all twelve issues raised in the petition. In response the State filed a motion for judgment on the pleadings or summary judgment and tendered the entire state court record. The State asserted that the petitioner had received a full and fair hear-

---

vincing evidence that the factual determination by the State court was erroneous.

2. "And in an *evidentiary hearing* in the proceeding in the Federal court ..." 28 U.S.C. § 2254(d) (1976) (emphasis supplied).

3. Our resolution of this case does not require us to reach the issue of whether § 2254(d) is even applicable to habeas claims alleging ineffective assistance of counsel. *See Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Washington v. Watkins*, 655 F.2d 1346, 1351–54 (5th Cir. 1981).

ing by the state courts on all issues addressed in the petition, that state court findings are presumed correct, and that as a matter of law petitioner was not entitled to relief. Without ruling on the State's motion the District Court ordered an evidentiary hearing on two of the grounds asserted in the petition. The State's subsequent request for certification to appeal under 28 U.S.C. § 1292(b) was denied by the District Court and the State then filed the present application for writ of prohibition with this Court.

In requesting a writ of prohibition the State is seeking to require the District Court to comply with the terms and conditions of § 2254(d) and *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Section 2254(d) provides as follows:

> In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, *a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction* in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, *shall be presumed to be correct,* unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—
>
> (1) that the merits of the factual dispute were not resolved in the State court hearing;
>
> (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
>
> (3) that the material facts were not adequately developed at the State court hearing;
>
> (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
>
> (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
>
> (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
>
> (7) that the applicant was otherwise denied due process of law in the State court proceeding;
>
> (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous. (Emphasis added.)

In *Sumner v. Mata*, the Supreme Court recently reiterated the role this section plays in our dual judicial system. "Section 2254(d) applies to cases in which a state court of competent jurisdiction has made 'a determination after a hearing on the merits of a factual issue.' ... This interest in federalism recognized by Congress in enacting § 2254(d) requires deference by federal courts to factual determinations of all state courts." 449 U.S. at 546–47, 101 S.Ct. at 769 (quoting statute). By its terms

§ 2254(d) provides that state court findings of fact must be respected by a federal court unless certain expressly stated conditions are present. These conditions and the burden placed upon a person who seeks a writ of habeas corpus in their absence were clearly delineated by the Supreme Court.

> [I]t is clear that in adopting the 1966 amendments, Congress in § 2254(d) intended not only to minimize that inevitable friction but to establish that the findings made by the state court system "shall be presumed to be correct" unless one of seven conditions specifically set forth in § 2254(d) was found to exist by the federal habeas court. If none of those seven conditions were found to exist, or unless the *habeas* court concludes that the relevant state determination is not "fairly supported by the record," "the burden shall rest upon the applicant to establish *by convincing evidence* that the factual determination by the State court was erroneous."

. . . .

When it enacted the 1966 amendment to 28 USC § 2254, Congress specified that in the absence of the previously enumerated factors one through eight, the burden shall rest on the habeas petitioner, whose case by that time had run the entire gamut of a state judicial system, to establish "by convincing evidence that the factual determination of the State court was erroneous." 28 USC § 2254(d). Thus, Congress meant to insure that a state finding not be overturned merely on the basis of the usual "preponderance of the evidence" standard in such a situation.

449 U.S. at 550–51, 101 S.Ct. at 770–71 (emphasis supplied by Supreme Court).

In *Mata*, the Ninth Circuit granted a habeas corpus petition after making independent findings of fact which it substituted for the findings of the state court. The Ninth Circuit's opinion gave no indication that the requirements of § 2254(d) had been considered prior to the substitution.

The total failure by the Ninth Circuit to articulate its reasoning for rejecting the state court's finding of fact was held by the Supreme Court to be contrary to the congressional purpose underlying § 2254(d).

> In order to ensure that [the] mandate of Congress is enforced, we now hold that a habeas court should include in its opinion granting the writ the reasoning which led it to conclude that any of the first seven factors were present, or the reasoning which led it to conclude that the state finding was "not fairly supported by the record." Such a statement tying the generalities of § 2254(d) to the particular facts of the case at hand will not, we think, unduly burden federal habeas courts even though it will prevent the use of the "boiler plate" language to which we have previously adverted. Moreover, such a statement will have the obvious value of enabling Courts of Appeals and this Court to satisfy themselves that the congressional mandate has been complied with.

449 U.S. at 551–52, 101 S.Ct. at 771–72.

The petitioner here has acknowledged that all of the allegations contained in his petition for habeas relief have been presented, reviewed, ruled upon and denied by the Florida courts. Moreover, the State Attorney General has filed with the District Court a complete record of the state court proceedings, including the trial transcript, the transcript of the hearing held in response to the petitioner's motion for post-conviction relief, the briefs filed for each state appeal, and copies of all state court orders and opinions.

*Mata* makes clear that in federal habeas proceedings § 2254(d) must not be ignored or given merely nodding attention. Yet in this case, seven months after being provided with the complete state court record, the District Court ordered an evidentiary hearing and in its order gave no indication that any of the eight factors enumerated in the statute appeared to be present or that the petitioner had made affirmative allegations

regarding the inadequacy of the state court hearings.[1]

In *Williams v. Blackburn*, 649 F.2d 1019 (5th Cir. 1981), the petitioner for habeas relief claimed that the District Court erred by denying his ineffective assistance of counsel claims without first holding an evidentiary hearing. We affirmed the denial of a hearing, holding that

> where the district court had the complete record before it, and particularly where it expressly states that a full and searching review was made, we are not required to remand so that the district court would be compelled to go through the motions of a hearing, unless it appears to us that additional evidentiary development was necessary on a specific point.

*Id.* at 1021.

In cases such as the present one it seems to me that both as a matter of law and concern with our supervisory power, we should require the District Court judge, prior to scheduling any hearing, to review the state court proceedings giving them the weight and the legal presumption of correctness that they are entitled. If and when a hearing is scheduled the District Court should be required to delineate those areas to be covered at the hearing and the burden of proof to be placed on the petitioner.

In this case the District Court has scheduled a hearing on two areas: (1) the claims of ineffective assistance of counsel at trial and on appeal, and (2) the claim that the petitioner was denied an adequate psychiatric examination on the question of his mental competency at the time of the offenses. It appears from the petition and from the

pleadings filed in this matter that both of these issues were dealt with fully and extensively in the state court hearings. The district judge has articulated no reasons why the conclusions reached there should not be accorded the statutory presumption of correctness.

Under these circumstances we should issue the writ of prohibition. The District Court should be prohibited from holding a hearing until it first rules on the pending motion for judgment on the pleadings or summary judgment and until it conducts the review dictated by *Mata*. In my opinion such is necessary to conform to both the Congressional intent expressed in § 2254(d) and *Mata*. Such a procedure would also simplify the proceedings held in district courts. I would issue the writ.

---

[1]. It appears from the documents filed with the application for writ of prohibition that the state court record was filed along with the motion for judgment on the pleadings or summary judgment on April 27, 1981. On December 10, 1981 the District Court ordered the evidentiary hearing and set the hearing for March 31, 1982. Thus, in all likelihood, a full year will have elapsed before the district judge finally reaches the merits of the petition for habeas corpus. Evaluating and articulating the need for an evidentiary hearing prior to granting the hearing should have the effect of reducing such

inordinate time spans. Moreover, it is my belief that the District Court had ample time during the seven months prior to its order to articulate in written form its reasons for concluding that an evidentiary hearing is necessary. The concepts of federalism embodied in § 2254 also serve the interest of society " 'in insuring that there will at some point be the certainty that comes with an end to litigation.' " *Mata*, 449 U.S. at 550 n.3, 101 S.Ct. at 771 n.3 (quoting *Sanders v. United States*, 373 U.S. 1, 24–25, 83 S.Ct. 1068, 1081–1082, 10 L.Ed.2d 148 (1963) (Harlan, J., dissenting)).