[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10177
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:93-cr-06041-UU-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON MARTINEZ IZQUIERDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 4, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Ramon Martinez Izquierdo, a federal prisoner appearing *pro se*, appeals

from the district court's denial of his petition for a writ of *audita querela*,

mandamus, or prohibition.  He argues that his claim of an illegally enhanced sentence is not cognizable under 28 U.S.C. § 2255, and, thus, an extraordinary common-law writ is his only available avenue for relief.  For the reasons set forth below, we affirm.

I.

Martinez Izquierdo was convicted in 1994 of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  He was sentenced to a mandatory term of life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.  His direct appeal was dismissed in 1995.

In 2010, Martinez Izquierdo filed *pro se*, in his criminal case, an "omnibus petition for writ of *audita querela*, prohibition, and/or mandamus," pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  He alleged that the government had served a copy of the § 851 information only on an attorney who had ceased representing him by that time, thereby failing to comply with the procedures set forth in § 851(a).  Accordingly, he sought to vacate his sentence on the ground that the district court was without jurisdiction to impose the mandatory life sentence.

He further opined that sentencing issues such as this are not cognizable under § 2255, and, thus, he was entitled to seek relief through an extraordinary

writ.  Finally, he added that a writ of mandamus could be available for the purpose of compelling the United States Attorney or the probation office to "adher[e] to the directives of 28 U.S.C. § 994 [and] 21 U.S.C. § 851," and that a writ of prohibition could be used to prevent the probation office from imposing the illegal life sentence.

The district court denied the petition on the ground that Martinez Izquierdo's claim came within the scope of § 2255, and, thus, he could not seek relief through a writ of *audita querela* or any other common-law writ.

## II.

We review *de novo* the question of whether a prisoner may challenge his sentence through a petition for a common-law extraordinary writ.  *See United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005).

Post-conviction relief is available to a federal prisoner under § 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  A § 851 information setting forth a defendant's prior felony drug convictions is used to increase the statutory mandatory minimum and maximum sentences to

which he is subject for a conviction under § 841. *See* 21 U.S.C. §§ 841(b), 851(a)(1).

Certain common-law writs may be used to "fill the interstices of the federal post-conviction remedial framework." *Holt*, 417 F.3d at 1174-75 (quotation omitted). Yet "[a] writ of *audita querela* may not be granted when relief is cognizable under § 2255," regardless of whether a § 2255 motion would have succeeded. *Id.* at 1175. "[T]he district court has original jurisdiction over a mandamus action to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (quotation omitted). The extraordinary remedy of a writ of mandamus is appropriate only if the petitioner "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Id.* at 1258 (quotation omitted). A writ of prohibition, which requires a showing of "exceptional circumstances amounting to a judicial usurpation of power," is reserved for extraordinary cases in which "the right to relief is clear and undisputable" and the regular judicial-review process is inadequate to address the petitioner's claim. *See In re Wainwright*, 678 F.2d 951, 953 (11th Cir. 1982).

Martinez Izquierdo's collateral attack on his sentence essentially claims that the government's and district court's failure to comply with § 851 resulted in a

4

"sentence [that] was in excess of the maximum authorized by" § 841 and, thus, "was imposed in violation of the . . . laws of the United States." *See* § 2255(a). Furthermore, he argues that the failure to comply strictly with § 851 deprived the district court of jurisdiction to impose the life sentence, which likewise falls within the ambit of § 2255(a). Accordingly, the district court correctly determined that the § 2255 framework is the proper avenue for Martinez Izquierdo's collateral attack and that a common-law writ cannot afford the requested relief. *See Holt*, 417 F.3d at 1175; *Cash*, 327 F.3d at 1258; *Wainwright*, 678 F.2d at 953. Additionally, Martinez Izquierdo has identified no basis on which we could order the prosecutor to comply with § 851 retroactively or could order the probation office to disregard the existing sentence absent a grant of § 2255 relief. *See Cash*, 327 F.3d at 1257-58; *Wainwright*, 678 F.2d at 953.[1]

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

---

[1] Federal courts are obligated to "look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990); *see also Holt*, 417 F.3d at 1175 (noting that the motion for a writ of *audita querela* could be liberally construed as a § 2255 motion but that such a motion would have been impermissibly successive). Martinez Izquierdo filed his motion for a writ of *audita querela* approximately 15 years after his conviction became final, and the motion does not allege any basis on which the one-year statute of limitations in § 2255 would have been tolled. *See* § 2255(f). As Martinez Izquierdo's claim would have been time-barred pursuant to § 2255(f), the district court did not err in declining to review the merits of the claim under the § 2255 framework. *See Holt*, 417 F.3d at 1175.

5