[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13886
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-61376-WPD

CONRAAD L. HOEVER,

Plaintiff-Appellant,

versus

DEPARTMENT OF HOMELAND SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Conraad Hoever, a prisoner proceeding *pro se*, appeals the district court's dismissal, or, in the alternative, denial of his petition for a writ of mandamus, pursuant to 28 U.S.C. § 1361, or a writ of prohibition, pursuant to 28 U.S.C. § 1651 (the All Writs Act), seeking to prohibit an immigration judge (IJ) from holding a hearing with regard to his eligibility for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).  Hoever contends the district court erred in determining he was not entitled to mandamus relief.  He asserts he had no adequate remedy at law because the IJ ignored and ruled *ex parte* on his motions and granted the Department of Homeland Security's motion to reopen without providing him an opportunity for opposition.  After review,[1] we affirm the district court.

Pursuant to 28 U.S.C. § 1361, the district court has original jurisdiction over any mandamus action to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.  28 U.S.C. § 1361.  The test for jurisdiction under 28 U.S.C. § 1361 is "whether mandamus would be an appropriate means of relief."  *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003).  "Mandamus relief is only appropriate when: (1) the plaintiff has a clear

---

[1] We review a district court's dismissal for lack of jurisdiction *de novo.  Hempel v. United States*, 14 F.3d 572, 575 (11th Cir. 1994).  We review a district court's denial of a petition for a writ of mandamus or of a petition brought pursuant to the All Writs Act for abuse of discretion.  *See In re Stewart,* 641 F.3d 1271, 1275 (11th Cir. 2011) (mandamus); *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1096 (11th Cir. 2004) (All Writs Act).

right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Id.* The party seeking mandamus has the burden of demonstrating that his right to the writ is clear and indisputable. *In re BellSouth Corp.,* 334 F.3d 941, 953 (11th Cir. 2003). Thus, a plaintiff cannot resort to the extraordinary remedy of mandamus where there is an adequate alternative "avenue for relief," such as where a statutory method of appeal has been prescribed. *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004).

A writ of prohibition, under the All Writs Act, requires a showing of "exceptional circumstances amounting to a judicial usurpation of power" and is reserved for extraordinary cases in which "the right to relief is clear and undisputable" and the regular judicial-review process is inadequate to address the petitioner's claim. *See In re Wainwright*, 678 F.2d 951, 953 (11th Cir. 1982). The All Writs Act does not provide an independent basis for federal jurisdiction. *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir. 2001).

The Immigration and Nationality Act (INA) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction . . . by [28 U.S.C. § 1361 and 28 U.S.C. § 1651] . . . to review such an order or such questions of law or fact.

3

8 U.S.C. § 1252(b)(9).  In addition, section (g) provides that:

> Except as provided in this section and notwithstanding any other provision of law . . . including [28 U.S.C. § 1361 and 28 U.S.C. § 1651] . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).   Decisions of IJs in removal proceedings are subject to review by the Board of Immigration Appeals (BIA).  *See* 8 C.F.R. § 1003.1(b)(3). This Court has jurisdiction to review the BIA's final order of removal.  *See* 8 U.S.C. § 1252(a)(1).

The district court did not have jurisdiction over Hoever's petition for a writ of mandamus because he had an adequate alternative remedy for obtaining relief, as the IJ scheduled a hearing with regard to his CAT claim and he could pursue administrative appellate review with the BIA and then judicial review in this Court. *See* 8 U.S.C. § 1252(a)(1); 8 C.F.R. § 1003.1(b); *Lifestar Ambulance*, 365 F.3d at 1295.  The district court also lacked jurisdiction over his petition for a writ of prohibition because the All Writs Act does not provide an independent basis for jurisdiction and the INA strips jurisdiction from the district court with regard to issues arising from the proposed removal of an alien.  *See* 8 U.S.C. §§ 1252(b)(9) and (g); *Henson*, 261 F.3d at 1070.  Accordingly, we affirm.

**AFFIRMED.**

4