88          UNITED STATES ex rel. MORRIS v. SCOTT.

                    Syllabus.                    [25 App.

# UNITED STATES ex rel. MORRIS v. SCOTT.

WRIT OF PROHIBITION; HIGHWAYS; SIDEWALKS, REMOVAL OF SNOW AND ICE FROM.

1. The writ of prohibition is never to be issued unless it clearly appears that the inferior court is about to exceed its jurisdiction; and it cannot be made to serve the purpose of a writ of error or certiorari to correct mistakes in that court in deciding any question of law and fact within its jurisdiction.

2. A petition to this court for the writ of prohibition to the police court of this District to prevent the prosecution of the petitioner for the violation of an alleged invalid municipal regulation requiring individual citizens to remove snow and ice from the sidewalks of the city of Washington, *denied*, where the petitioner had been prosecuted in one case only, and where he would have the right, if convicted, to apply to this court for a writ of error. But it was suggested that a suspension of trials in that court for the infraction of the regulation, pending the determination of its validity by this court, would be proper under the circumstances.

No. 205. Original. Submitted February 14, 1905. Decided February 15, 1905.

HEARING on a petition by John W. Morris to this court for the writ of prohibition to the Police Court of the District of Columbia, commanding it to cease the prosecution of the petitioner for the alleged violation of a municipal regulation.

*Denied.*

*Mr. Leo Simmons* for the petitioner.

There was no appearance in opposition.

Mr. Justice Sʜᴇᴘᴀʀᴅ delivered the opinion of the Court:.

The police court has undoubted jurisdiction in this as in all cases of prosecution for the violation of the municipal regulations.

"A writ of prohibition is never to be issued unless it clearly appears that the inferior court is about to exceed its jurisdiction. It cannot be made to serve the purpose of a writ of error or *certiorari* to correct mistakes of that court in deciding any question of law and fact within its jurisdiction." *Smith v. Whitney,* 116 U. S. 167, 176, 29 L. ed. 601, 604, 6 Sup. Ct. Rep. 570.

Whether the invalidity of a regulation about to be enforced in that court presents such a case of excess of jurisdiction as would justify the issue of the writ presents a question of difficulty which the exigency of the present case does not require us to determine. The validity of the regulation is a question of law which the police court must necessarily determine in the exercise of its jurisdiction of the subject-matter. If decided adversely to the petitioner, and his conviction follows, he may apply for a writ of error to review the judgment. The petitioner, having been prosecuted in one case only, cannot be seriously injured by leaving him to bring his case before this court,. if occasion shall require, in the ordinary course.

As there seems to be some doubt of the authority of the commissioners to enact the new regulation providing a penalty for the failure to remove snow and ice from the sidewalks of the city of Washington, and the question is one of general importance to householders, the suspension of trials for the infraction of the regulation until that question can be finally determined would probably relieve the hardship of the situation without injury to the interests of the public or of individuals. For the reasons given, the writ prayed for is refused and the *petition dismissed, with costs.*