**NOBLE v. EICHER.**

**SANCTUARY v. SAME.**

**ELMHURST v. SAME.**

Misc. Nos. 64–66.

United States Court of Appeals for the District of Columbia.

Decided July 26, 1944.

James J. Laughlin, of Washington, D. C. for petitioners.

O. John Rogge and Joseph W. Burns, Sp. Assts. to Atty. Gen., and Philip R. Miller, Sp. Atty. Department of Justice, for respondent.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

PER CURIAM.

These cases involve petitions for writs of prohibition directed to the respondent Edward C. Eicher as judge of the District Court of the United States for the District of Columbia in Criminal Case No. 73086, United States v. McWilliams et al., 54 F.Supp. 791. Each petitioner alleges that the respondent has ordered him to be represented by a lawyer in the criminal trial who also represents an additional defendant, and that there is a conflict of interest between the two defendants. Each petitioner alleges further that he has not been permitted to have counsel of his own choice. Each petitioner asks that the criminal trial be suspended as to him, or suspended generally, and that relief be otherwise afforded to him. The petitioners rely upon Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, and Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. In Johnson v. Zerbst the Supreme Court held that the denial by a court of the right guaranteed a defendant in a criminal prosecution by the Sixth Amendment to the Constitution to have the assistance of counsel for his defense defeats the jurisdiction of the court to render a judgment of conviction. In Glasser v. United States the Supreme Court held that the constitutional right of the defendant to have the assistance of counsel in a criminal prosecution is denied if the defendant's lawyer is designated by the court to represent also an additional defendant and there is a conflict of interest between the two in respect of the manner of trial of the case. If there is a conflict of interest here, as alleged by the petitioners, the rule of these cases has been transgressed.

It is alleged by the respondent that a severance has been granted as to the peti-

tioner Robert Noble and that he is no longer a party to the present trial, and it is asserted by the respondent that the petition of Noble is therefore moot. If there has been a severance that would seem to be a sufficient reason to deny the petition for the writ of prohibition as to Noble.

█ The question remains, however, whether writs of prohibition should issue in view of the circumstances here. It appears from the various petitions that the criminal trial has been in progress for some weeks and is likely to continue for some further period, and that there are a large number of defendants in the case. A writ of prohibition does not issue as a matter of right unless there is no other adequate remedy. There is a division of authority on the question whether or not the usual remedy by appeal after final judgment is adequate where absence of jurisdiction in a criminal case is asserted as a basis for the writ. Numerous cases hold that where absence of jurisdiction is clear, as for example where a court has no power whatever to try the class of case involved, or where an indictment is void because grand jurors were disqualified. the appellate remedy is not adequate and a writ of prohibition ought to issue. On the other hand other cases hold that the appellate remedy is adequate even though delay and inconvenience would be oc-

casioned, as for example cases in which the jurisdiction of the criminal court has been challenged on the ground of irregularities in drawing the grand jury, on account of denial of jury trial, prosecution under a void ordinance, prosecution under an unconstitutional statute, double jeopardy. For a discussion of the law see Note (1942) 141 A.L.R. 1262 et seq. This court declined to issue a writ of prohibition to the police court upon an assertion that the petitioner was about to be prosecuted under an invalid regulation. United States ex rel. Morris v. Scott, 1905, 25 App.D.C. 88.

█ We think that in the circumstances here the writs of prohibition sought ought not to issue. There is no assertion of absence of jurisdiction in the sense that the trial court has no power · whatever to deal with the class of case before it. It is true that there will have been inconvenience to the petitioners in continuing through the trial, if it should ultimately be determined on appeal that the conflict of interest asserted deprives the trial court of jurisdiction as to them. On the other hand, the present issuance of writs and a present determination of the question whether there is a conflict of interest as asserted would unavoidably and unduly interrupt the criminal proceeding.

Petitions denied.