**In re Ramon MONTES, Sheriff of El Paso County, Texas, Petitioner.**

No. 82–2201.

United States Court of Appeals, Fifth Circuit.

May 18, 1982.

---

Michael Patrick Davis, Asst. County Atty., El Paso, Tex., for petitioner.

William Bennett Turner, San Francisco, Cal., Rick Gray, Asst. Atty. Gen., Austin, Tex., Bruce Ponder, El Paso, Tex., Dennis J. Dempsey, Dept. of Justice, Washington, D. C., for respondent.

Before CLARK, Chief Judge, RUBIN and TATE, Circuit Judges.

BY THE COURT:

The Sheriff seeks relief under the All-Writs Act, 28 U.S.C. § 1651. That statute empowers courts of appeals to issue all writs necessary or appropriate in aid of their jurisdiction. The Sheriff, however, has not shown that our jurisdiction is involved in this matter at this time. No attempt has been made to secure relief either from the United States District Court for the Western District of Texas or from the United States District Court for the Southern District of Texas. The motion presented to us is the very first pleading raising the issue whether the Texas Department of Corrections has refused to accept prisoners from the Sheriff or whether the number of prisoners in the county jail violates the order of the Western District of Texas or whether there is any conflict in the operation of the two district court orders.

In effect the relief sought is the suspension of an injunction. No application has been made to a district court, as required by Rule 8, Federal Rules of Appellate Procedure. The argument is made that it would be vain to do so because of the action taken by the District Court for the Southern District of Texas in another matter. That, however, is not an adequate reason for noncompliance with Rule 8.

As an appellate court, we cannot take evidence or hear matters initially. We are dependent entirely on the record made in a trial court. None has been made. *Miller v. Connally*, 354 F.2d 206 (5th Cir. 1963). All parties agree that the Texas Department of Corrections made a change in its policy on May 17, 1982, after this emergency petition was filed. We lack evidence of the effect of that change.

Moreover, even if our jurisdiction were properly invoked, it is well settled that relief under the All-Writs Act is not available unless the applicant has shown that he has no other adequate remedy. *In re Chicago, R.I. & P. Ry.*, 255 U.S. 273, 41 S.Ct. 288, 65 L.Ed. 631 (1921); *Noble v. Eicher*, 143 F.2d 1001 (D.C.Cir.1944) (per curiam).

The Sheriff has made no effort to secure relief from either of the trial courts involved and it is, therefore, patent that there is at least a possibility that he might obtain an adequate remedy if appropriate application were made and if he is in fact entitled to such relief.

For these reasons the application for a writ of prohibition is dismissed.

DISMISSED.