## The COASTAL CORPORATION and Colorado Interstate Corporation, Plaintiffs,

v.

## TEXAS EASTERN CORPORATION, et al., Defendants.

### Civ. A. No. H–89–147.

United States District Court, S.D. Texas, Houston Division.

Jan. 19, 1989.

G. Irvin Terrell, Baker & Botts, Houston, Tex., for plaintiffs.

Ewing Werlein, Jr., Vinson & Elkins, Houston, Tex., for defendants.

## OPINION ON DENIAL OF A STAY

HUGHES, District Judge.

1. *Issue.*

Texas Eastern has requested a stay pending an interlocutory appeal from the injunction to restrain additional litigation issued by this court on January 16, 1989.

2. *Nature of the Request.*

As its sole reason for a stay, Texas Eastern argues that Appellate Rule 8(a) requires that a request for a stay "must ordinarily be made in the first instance in the district court." Texas Eastern's motion articulates no substantive or procedural justification for a stay under the circumstances of this particular case, and it gives this court no basis to issue a stay.

Texas Eastern's motion for a stay did not specify substantive or procedural faults in the injunction so that it could be considered a motion to reconsider the injunction itself. The original arguments of Texas Eastern against the injunction cannot support a stay; the stay must have some distinct, independent basis. Rule 8(a) is not in place to require applicants for a stay to go through the district court as an empty gesture, but rather the rule exists because the district court is the court of first instance, allowing it both to make a record and a decision and to mend its acts, obviating an appeal. The appellate court "cannot take evidence or hear matters initially. [It is] dependent entirely on the record made in a trial court." *In re Montes,* 677 F.2d 415,

416 (5th Cir.1982). In *Montes* the Fifth Circuit denied the suspension of an injunction because the application was not first made to the district court. This case is controlled by *Montes* because even though Texas Eastern has applied for a stay, it is a hollow plea. The motion reads:

Defendants intend to seek a stay in the Court of Appeals of this Court's injunction entered on January 16, 1989. In order to seek such a stay in the Circuit Court, Fed.R.App.P. 8(a) requires that Defendants' Application for Stay first be presented to the District Court.

Accordingly, Defendants request that this Court stay the injunction entered on January 16, 1989 in this matter.

3. *Standard.*

The requirements for a stay pending appeal are: (a) likelihood of success on the merits, (b) irreparable injury if the stay is not granted, (c) absence of substantial harm to the other parties from granting the stay, and (d) service to the public interest for granting the stay. *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1067 (5th Cir.1986); *Ruiz v. Estelle,* 666 F.2d 854, 856 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

These requirements mirror those for granting the preliminary injunction. In this instance, however, the movant is not Coastal but Texas Eastern, which now has the burden of production and persuasion.

4. *Application.*

Texas Eastern and Coastal have been enjoined from filing litigation related to causes of action pleaded in this case without leave of the court. Coastal has not requested a stay, but Texas Eastern has. Although Texas Eastern has addressed none of its burdens to obtain a stay and although it would be an abuse of discretion for this court to grant their baseless request, the court will review the requirements in light of this case.

A. *Likelihood of Success.*

Texas Eastern has brought no evidence suggesting that it will succeed in having the injunction overturned. The

reasons in the record for restraining the proliferation of litigation, even to the limited extent of splitting the case in two, are sufficient to support a discretionary use of a major-case management and judicial economy technique.

**B.** *Irreparable Injury if the Stay Is Denied.*

Texas Eastern is enjoined only from filing a suit in another jurisdiction without leave of court. Texas Eastern has neither requested nor been denied leave, so Texas Eastern has no standing to complain of injury. The delay the injunction requires in the initiation of a second suit arising from this transaction cannot be imagined to be irreparable; a forum exists in its principal home jurisdiction where a case pends, which is an adequate vehicle for its claims.

**C.** *Absence of Substantial Harm to the Other Party.*

This factor weighs more heavily for a denial of a stay than the others because Coastal would be substantially harmed by having to answer to Texas Eastern on similar claims in another jurisdiction.

**D.** *The Public Interest.*

Texas Eastern has made no showing the public interest can be served by a stay. This court recognizes that the public will be disserved by multiple filings on similar claims, requiring the thousands of affected owners of Texas Eastern to keep track of both.

**5.** *Related Litigation.*

As announced at the injunction hearing, a group of shareholders of Texas Eastern have filed a suit against the company's management in connection with its defensive corporate control measures. *Frederick Rand, et al. v. Texas Eastern Corporation, et al.*, Civil Action No. H-89-149 (S.D. Tex., filed Jan. 17, 1989). This case has been pleaded as a class action. An order for parallel notice has been given in these two cases.

**6.** *Conclusion.*

Texas Eastern suggested at the hearing that it wants to file an action in a state of Delaware court that is the inverse of this suit by Coastal.

Both companies in this suit have their world headquarters in Houston. The material of this litigation is in Houston. The third parties who may be affected by this action are widely distributed around the country, with a presumable concentration in Texas and New York. The only connection between this case and Delaware is that both companies chose to incorporate there.

The essence of this case seems to implicate the shareholder rights plan, which Wall Street calls a poison pill. The plan is not a creature of the courts or legislature of the State of Delaware. A plan may be permitted by Delaware corporate law, but even Delaware (a state with the wisdom to be first to ratify the Constitution) does not expect every controversy involving companies chartered under its aegis to be litigated in its distinguished courts, much less that pendent Delaware law claims be separated from other litigation around the nation.