101 F.3d 1360
 36 Fed.R.Serv.3d 35, 27 Envtl. L. Rep. 20,569,
96 CJ C.A.R. 2006
 CHEMICAL WEAPONS WORKING GROUP (CWWG); Sierra Club and
Vietnam Veterans of America Foundation,
Plaintiffs-Appellants,
v.
DEPARTMENT OF THE ARMY, United States Department of Defense
and EG & G Defense Material, Defendants-Appellees.
 No. 96-4166.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 6, 1996.
 
 Randall N. Skanchy, R. Paul Van Dam, Jones, Waldo, Holbrook & McDonough, Salt Lake City, UT, Richard E. Condit, Washington, DC, Mick G. Harrison, GreenLaw, Inc., Berea, KY, Randall M. Weiner, Land and Water Fund of the Rockies, Boulder, CO, Robert Guild, Columbia, SC, Robert Ukeiley, Denver, CO, for Plaintiffs-Appellants.
 Robert L. Klarquist, Peter A. Appel, Lisa Ann Holden, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, Stephen Roth, Office of U.S. Atty., Salt Lake City, UT, Robert H. Foster, U.S. Dept. of Justice, Environment and Natural Resource Div., Denver, CO, Alan D. Greenberg, U.S. Dept. of Justice, Environmental Enforcement Sec., Denver, CO, for Dept. of the Army, U.S. Dept. of Defense.
 Michael A. Zody, Craig D. Galli, David Thudermann, Parsons, Behle & Latimer, Salt Lake City, UT, Robert H. Foster, U.S. Dept. of Justice, Environment and Natural Resource Div., Denver, CO, Lisa Ann Holden, U.S. Dept. of Justice, Environmental & Natural Resources Div., Washington, DC, for EG & G Defense Material.
 Before BALDOCK, LUCERO, and MURPHY, Circuit Judges.
 MURPHY, Circuit Judge.
 
 
 1
 Appellants have filed a motion for stay pending appeal requesting that this court enjoin all incineration activities at the Tooele Chemical Agent Disposal Facility (TOCDF) during the pendency of their appeal. They also have requested that their appeal be expedited. Appellees do not object to the request to expedite. Upon consideration, we deny the motion for stay pending appeal and grant the request to expedite.
 
 
 2
 Requests for stay pending appeal are governed by Fed.R.App.P. 8(a), which provides that an application for stay "must ordinarily be made in the first instance in the district court." A motion for relief may be made to this court, but the movant must show "that application to the district court for the relief sought is not practicable, or that the district court has denied an application, or has failed to afford the relief which the applicant requested." Id. Appellants concede that they have failed to seek a stay in the district court. Citing Populist Party v. Herschler, 746 F.2d 656, 657 n. 1 (10th Cir.1984), however, they contend that temporal urgency made it impracticable to first seek a stay in the district court.
 
 
 3
 The chronology of events in this case belies appellants' claim that resolution of the stay issue by this court is a matter of extreme urgency needing immediate resolution. The district court denied appellants' motion for preliminary injunction on August 13, 1996. Incineration began at the TOCDF on August 22, 1996. Appellants waited until October 11, 1996, to appeal from the district court's order and until October 18, 1996, to seek a stay pending appeal even though the events upon which they primarily premise the need for Rule 8 relief occurred on August 16 and 24, 1996, and appellants were aware of these events at least by August 30, 1996.
 
 
 4
 Appellants also contend that it was impracticable to present an application for stay to the district court because, in denying their motion for preliminary injunction, it had prejudged the issues. When the district court's order demonstrates commitment to a particular resolution, application for a stay from that same district court may be futile and hence impracticable. See McClendon v. City of Albuquerque, 79 F.3d 1014, 1020 (10th Cir.1996); see also, e.g., Walker v. Lockhart, 678 F.2d 68, 70 (8th Cir.1982) (district court's finding, in inmate civil rights action, that prisoner would be "safe" in Arkansas prison system obviated need for requesting stay of transfer order from same district court).
 
 
 5
 The futility theory, however, is inapplicable in this case. A careful review of appellants' motion for stay reveals that relief is sought predominantly on the basis of new evidence concerning events which occurred after the district court denied the motion for a preliminary injunction. This evidence has not yet been considered by the district court. It does not necessarily follow from the refusal to grant a preliminary injunction that the district court would also refuse injunctive relief pending appeal. See Bayless v. Martine, 430 F.2d 873, 879 n. 4 (5th Cir.1970). This is particularly so when the relief sought pending appeal is premised primarily on new evidence which the district court has not yet had a chance to consider. We will not assume that the district court would not properly consider the new evidence if a motion for stay or other appropriate motion were presented to it in the first instance.
 
 
 6
 Beyond the inapplicability of the futility theory, the fundamentally different roles of appellate and trial courts mandate consideration of the new evidence by the district court under Fed.R.Civ.P. 62(c) before Rule 8 proceedings in this court. The district court is the proper forum for presentation, testing and confrontation of the new evidence. Only upon completion of the district court's factfinding role, should this court consider any relief pending appeal. See In re Montes, 677 F.2d 415, 416 (5th Cir.1982); Ruiz v. Estelle, 650 F.2d 555, 567 (5th Cir.1981).
 
 
 7
 The dissent primarily takes issue with the majority's failure to refer appellants' motion for an injunction pending appeal to the district court. While this difference appears insignificant, its appearance is deceiving; the difference is fundamental. The dissent would mandate consideration of an injunction pending appeal by the district court and would dictate the specific issues for that court to address. This court's Order, on the other hand, allows the appellants to choose whether or not to seek an injunction in the district court. Equally important, the Order would allow the parties, the district court and the traditional processes of litigation to control any further proceedings in the district court pending appeal.
 
 
 8
 Accordingly, after careful and thorough consideration, appellants' motion for stay pending appeal is DENIED. Their motion to expedite the appeal is GRANTED.
 
 
 9
 LUCERO, Circuit Judge, dissenting.
 
 
 10
 I agree with my colleagues that this motion for stay pending appeal is based primarily upon events which occurred after the district court denied appellants' request for a preliminary injunction. Thus, at this point, this new evidence has not been analyzed by any court in order to determine whether continued incineration at the Tooele Chemical Agent Disposal Facility ("TOCDF") presents an imminent threat of irreparable harm to the public and to the environment, as appellants tell us it does.
 
 
 11
 Appellants' claims appear facially substantial. They assert that since August 13, 1996, the date of the district court's denial of the preliminary injunction, nerve agent has leaked into non-agent areas at Johnson Atoll Chemical Agent Destruction System (a prototype facility upon which TOCDF is modeled), and has been discovered in non-airtight filter vestibules at TOCDF; decontamination fluid has leaked through cracks in a concrete floor above an electrical wiring and equipment room at TOCDF; and the slag removal system in the liquid nerve agent incinerator malfunctioned at TOCDF, leading to operation shutdown. This list is non-exhaustive.
 
 
 12
 Given the district court's previous examination of the factual and legal questions presented by this action, I agree that this new evidence would best be considered by that court. My disagreement with the majority is that they do not refer appellants' request for a stay to the district court; instead, without evaluating this new evidence at all, they simply deny the request, without requiring the district court to consider the evidence. The majority opinion implies that the district court would consider the new evidence. Were the majority to hold that the district court has no discretion but to hear that new evidence, there would be no disagreement between us. However, given the posture in which the majority leaves this case, it is unclear whether the district court must consider the recent developments, and thus whether the new evidence could escape judicial consideration. In my mind, the issues presented for our consideration and their potential effect upon the public and the environment are far too important to dispose of them by summary denial. Pursuant to our broad authority under 28 U.S.C. § 1651(a) and Fed.R.Civ.P. 62(g), I would refer appellants' request for a stay to the district court for its consideration.[1]
 
 
 13
 In so doing, I would direct the district court to consider whether the events that have occurred since its denial of appellants' motion for preliminary injunction warrant granting of the stay. I would specifically instruct the district court to address two issues: (1) whether these recent developments, considered in the context of the totality of the evidence, necessitate conducting a Supplemental Environmental Impact Statement in accordance with the legal standards set forth by the district court in its order; and (2) where the public interest lies in light of the new evidence. As to the latter issue, I would require that the public interest be expressly considered on the record under the standard set forth in Northern Cheyenne Tribe v. Hodel, 851 F.2d 1152, 1157 (9th Cir.1988). Implicit consideration of the public interest, though allowed in copyright infringement cases, see Autoskill, Inc. v. National Educ. Support Sys. Inc., 994 F.2d 1476 (10th Cir.1993), is inadequate for cases involving potentially grave public and environmental consequences. I would ask the district court to compare the risks associated with test-burning a relatively small amount of agent with the risks associated with storing that same small quantity. It is unclear whether the district court followed the above approach or instead compared the risk of large-scale incineration with the risk of large-scale storage.
 
 
 
 [1]
 28 U.S.C. § 1651(a), the All Writs Act, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Supreme Court has explained that the Act serves as a "legislatively approved source of procedural instruments designed to achieve rational ends of law." Harris v. Nelson, 394 U.S. 286, 299, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969) (quotations and citations omitted). Fed.R.Civ.P. 62(g) states that "[t]he provisions in this rule do not limit any power of an appellate court ... to stay proceedings during the pendency of an appeal ... or to make any order appropriate to preserve the status quo...." This rule is not a grant of power, but is "a declaration that whatever power the appellate courts have, by virtue of the All Writs Act ... or other applicable provision of law is not restricted by Rule 62." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2908 (2d ed. 1995)