**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-60772
Conference Calendar

ROBERT WALL

Plaintiff-Appellant

v.

BRUCE PEARSON, Warden; FEDERAL BUREAU OF PRISONS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-234

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Wall, federal prisoner # 13965-052, is appealing the district court's denial of his petition for mandamus and his request for relief under the All Writs Act, 28 U.S.C. § 1651. He argues that the warden suspended the delivery of legal and personal mail because of an incident in another facility and that it may prejudice his ability to prosecute his pending proceeding filed pursuant to 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2255. Wall contends that he has no other adequate remedy to obtain access to the courts.

A "writ of mandamus is an order directing a public official or public body to perform a duty exacted by law." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979). It "is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.*, 614 F.2d 958, 961-62 (5th Cir. 1980) (internal citations and quotations omitted). To obtain the writ, the petitioner must show "that no other adequate means exist to attain the requested relief and that his right to the issuance of the writ is 'clear and indisputable.'" *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987) (citations omitted). The issuance of the writ is within the court's discretion. *Denson*, 603 F.2d at 1146.

If Wall can show that the suspension of the mail delivery has prejudiced his rights in a legal process, his appropriate remedy is to file a complaint pursuant to 42 U.S.C. § 1983 alleging the denial of access to the courts. *See Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). Thus, he has an adequate civil remedy.

Insofar as Wall seeks relief under the All Writs Act, it is not available unless the applicant can show that he has no other adequate remedy. *In re Montes*, 677 F.2d 415, 416 (5th Cir. 1982). As previously discussed, Wall has an adequate remedy to obtain relief.

The district court did not abuse its discretion in denying the petition for mandamus or Wall's request for relief under the All Writs Act, § 1651. Accordingly, the judgment of the district court is AFFIRMED.