[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14896
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-02378-VEH-HGD

ANTOINE BRUCE,

Plaintiff–Appellant,

versus

CONSTANCE REESE,
Warden,
BECKY CLAY,
Associate Warden,
J. SAVIDGE,
Associate Warden,
R. E. HOLT,
Southeast Regional Director,
FARRIS,
Assistant Correctional Services Administrator, et al.,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 20, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Antoine Bruce, a federal prisoner proceeding *pro se*, appeals from the district court's order denying his motion for a preliminary injunction. Bruce asks us to reverse the district court's order and remand this case for an evidentiary hearing on his motion. But because we conclude that the district court properly denied the motion without holding a hearing, we affirm.

I.

Bruce is a federal prisoner incarcerated at FCI Talladega, where for nearly two weeks in October and November of 2009, he was placed in either four-point or ambulatory restraints. Bruce alleges that during this time, he was confined to a cell without a working toilet and that he was denied food, bedding, and the ability to bathe, brush his teeth, or use deodorant. As a result, his cell became a squalid and fetid place.

Bruce brought a *Bivens*-claim against several correctional officials at FCI

Talladega, contending that the conditions of his confinement violated the Eighth Amendment and asking for damages. He also sought injunctive relief to prevent any prisoner at FCI Talladega from being confined in four-point restraints for over four hours unless it was necessary for the prisoner's own safety or the safety of other prisoners or correctional officials.[1] The district court denied his motion for a preliminary injunction. Before addressing Bruce's arguments, we note that we read *pro se* briefs liberally. *Timson v. Samson*, 518 F.3d 870, 874 (11th Cir. 2008).

## II.

A district court's decision not to hold a hearing on a motion for a preliminary injunction is reviewed for abuse of discretion. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). Although the district court did not explicitly deny Bruce's request for a hearing, we treat its order denying the motion on its merits as an implicit denial of his request for a hearing. We also

---

[1] Bruce's motion for injunctive relief also requested relief for several other alleged constitutional violations, which were claims in his original complaint. But when Bruce amended his complaint, he omitted those causes of action. His request for injunctive relief as to those causes of action was thus properly denied as they were as outside the scope of the underlying suit. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

review a district court's order denying a motion for preliminary injunction for abuse of discretion. *Horton v. City of St. Augustine*, 272 F.3d 1319, 1326 (11th Cir. 2001).

A district court does not always have to hold a hearing on a motion for a preliminary injunction. *Id.* at 1311. A hearing must be held if "the facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." *Id.* at 1312. An evidentiary hearing does not need to be held where the facts necessary to rule on the motion are undisputed. *Id.* at 1313. But even when the facts are undisputed, if the resolution of the motion depends on inferences to be drawn from the facts, a hearing might be appropriate. *Id.* In that last category of cases, whether to hold a hearing is left to the sound discretion of the district court. *Id.*

Bruce argues that this is a case where the facts are bitterly disputed and so a hearing should have been held. The government contends that the material facts necessary to rule on the motion are not disputed, and thus the district court was well within its discretion to not hold a hearing. We agree with the government that the district court properly exercised its discretion by not holding a hearing because we conclude that a dispositive fact was undisputed.

4

To prevail on a motion for a preliminary injunction a movant must establish four things: (1) that he has a substantial likelihood of success on the merits; (2) that he will suffer an irreparable injury unless the injunction is granted; (3) that the threatened injury to the movant outweighs whatever damage the injunction will cause to the opposing party; and, (4) that the injunction will not be against the public interest. *McDonald's*, 147 F.3d at1306.

An injunction is an extraordinary remedy and the threatened injury the movant will suffer must be "neither remote nor speculative, but actual and imminent." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). The district court found that Bruce did not show that he would suffer an irreparable injury unless it granted the injunction. We agree.

Bruce has not alleged that it is likely he will again be restrained or confined as he was in October and November of 2009, nor has he provided any evidence that those conditions are likely to recur. *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 105–106 (1983) (holding a plaintiff did not have standing to seek injunctive relief where he did not allege a likelihood he would be subjected to the conduct he sought to enjoin). Accordingly, he has not established that he will suffer an irreparable injury without a preliminary injunction and we affirm the district

court's order.

**AFFIRMED.**