Franklin WHITE, Plaintiff,

v.

ALCON FILM FUND, LLC, et al., Defendants.

Civil Action No. 1:13–cv–1163–TCB.

United States District Court, N.D. Georgia, Atlanta Division.

July 24, 2013.

Alan Stuckey Clarke, The Entertainment Law Group Alan S. Clark & Associates, LLC, Atlanta, GA, for Plaintiff.

Anthony D. Sbardellati, Gerald L. Sauer, Sauer & Wagner, LLP, Los Angeles, CA, Anna Mirshak Burns, Gary S.

Freed, Thompson Hine LLP, Atlanta, GA, for Defendants.

## ORDER

TIMOTHY C. BATTEN, SR., District Judge.

In this copyright infringement action, Plaintiff Franklin White claims that the movie *Lottery Ticket,* which Defendants allegedly were involved in making, infringes his book *First Round Lottery Pick.* The case comes before the Court on White's motion for a preliminary injunction [20].

■ A "preliminary injunction is a drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements." *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir.2000) (en banc) (internal citation omitted). To obtain a preliminary injunction, White must demonstrate that (1) his claims have a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) the harm suffered by White in the absence of an injunction would exceed the harm suffered by Defendants if the injunction is issued; and (4) an injunction would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1–800–Contacts, Inc.,* 299 F.3d 1242, 1246–47 (11th Cir.2002).

■ White's motion falls far short of satisfying these requirements.[1] The likelihood of success on the merits is generally considered the most important of the four factors. *Garcia–Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.1986). Yet White dedicates only a single sentence of his motion to addressing this factor; he ar-

gues, "In support of his application, Plaintiff shows that he has a substantial likelihood of success on the merits and that, upon balancing the convenience of the parties, greater harm may be done by refusing than granting the motion." This conclusory statement, bereft of any legal support, is plainly insufficient to carry White's burden of showing a substantial likelihood of success on the merits of his claims.

Moreover, White has failed to submit any evidence in support of his motion for a preliminary injunction, and in fact fails to even offer his own declaration in support of his motion. While in his reply brief in support of his motion White points out that with his amended complaint he filed the expert report of Kathryn Arnold in which she concludes that Defendants have infringed his copyright, he did not file that report in support of his motion for an injunction. But even if he had, Arnold's report offers no legal discussion and does not cite to a single case. Similarly, White's reply brief in support of his motion includes no application of case law, relying solely on Arnold's expert report.

White attempts to sidestep the substantial-likelihood-of-success requirement by arguing that "both the Ninth and the Eleventh Circuits in recent years have adopted the 'Serious Question' standard for preliminary injunctions rather than the likelihood of success standard." The Eleventh Circuit has held no such thing. *See* Bethany Bates, *Reconciliation After Winter: The Standard for Preliminary Injunctions in Federal Courts,* 111 COLUM. L.REV. 1522, 1544 (2011) ("Both the Eleventh and Fifth Circuits maintain their requirement of a substantial likelihood of success on the merits."). As much is made clear by

---

1. Defendants argue that White's motion is "half baked," and White responds that it is "well done." The Court finds that Defendants are too generous in their characterization—the motion is closer to rare.

White's own case citations, which are to the Ninth Circuit's opinion in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir.2011), and the opinion of the Second—not the Eleventh—Circuit in *Metropolitan Taxicab Board of Trade v. City of New York*, 615 F.3d 152 (2d Cir. 2010).

■ But even if the Eleventh Circuit did apply the serious-question standard, White has failed to carry his burden under it as well. To succeed under that standard in either the Ninth or Second Circuit, a party must show a serious question going to the merits and that the balance of hardships weighs strongly in his favor. *Cottrell*, 632 F.3d at 1135 (" '[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."); *Metro. Taxicab*, 615 F.3d at 156 (preliminary injunction may issue upon "either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor").

First, as explained above, White has failed to offer any legal discussion regarding his claims. Thus, he has not identified any serious questions going to the merits of this action. Second, he has not shown a balance of hardships that tips decidedly in his favor. In his motion, White merely offers the conclusory assertion that he "has and continues to suffer immediate and irreparable damages as noted herein as long as the Film is being produced, sold and marketed." Nowhere in his motion, however, does he "note" what harm he will suffer. In contrast, Defendants argue that if the Court were to require them to cease producing, selling and advertising the film and to remove all material concerning the film from public view, they would have to expend substantial resources to comply with such an order. White's failure to show that the balance of hardships tips in his favor at all—much less that it tips sharply in his favor—combined with the fact that he has not shown the existence of serious questions going to the merits, make his motion deficient even under the more relaxed serious-questions standard applied by the Ninth and Second Circuits.[2]

■ Moreover, it is unlikely that any harm alleged by White would constitute irreparable injury. In order to succeed on his motion, White must show the likelihood of an injury that is "actual and imminent." *Bruce v. Reese*, 431 Fed.Appx. 805, 807 (2011). Because the film was released nearly three years ago, it is difficult to imagine what immediate injury White might sustain without the issuance of an injunction. *See Tiber Labs., LLC v. Hawthorn Pharma., Inc.*, 527 F.Supp.2d 1373, 1381 (N.D.Ga.2007) ("Where the movant 'unduly delayed in bringing suit,' however,

---

2. The Seventh Circuit also follows this approach. *See Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir.2009). Similarly, the Tenth and D.C. Circuits balance the preliminary injunction factors on a sliding scale. *See Cottrell*, 632 F.3d at 1134 (citing *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208–09 n. 3 (10th Cir.2009) and *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C.Cir. 2009)).

Notably, such approaches have drawn criticism as being inconsistent with Supreme Court precedent. *See, e.g.,* Jacob Crawford, *Unlikely to Succeed: How the Second Circuit's Adherence to the Serious Questions Standard for the Granting of Preliminary Injunctions Contradicts Supreme Court Precedent and Turns an Extraordinary Remedy Into an Ordinary One,* 64 OKLA. L.REV. 437 (2012).

'thereby negating the idea of irreparability,' a preliminary injunction should not issue.") (citing *Polymer Techs., Inc. v. Bridwell,* 103 F.3d 970, 974 (Fed.Cir. 1996)).

■ Finally, White has failed to show that the issuance of an injunction would be in the public interest. Courts have held that in the absence of a clear-cut case of infringement, the public interest lies with allowing continued competition between the products until after a full adjudication of the issues involved. *See Millers Ale House, Inc. v. Boynton Carolina Ale House, LLC,* No. 09–80918–cv, 2009 WL 6812111, at *22 (S.D.Fla. Oct. 13, 2009) (citing *Graham Webb Int'l v. Helene Curtis Inc.,* 17 F.Supp.2d 919, 931 (D.Minn. 1998); *Medi–Flex, Inc. v. Nice–Pak Prods., Inc.,* 422 F.Supp.2d 1242 (D.Kan.

2006); and *Alltel Corp. v. Actel Integrated Communications,* 42 F.Supp.2d 1265, 1274 (S.D.Ala.1999)). Thus, White's inability to carry his burden with respect to the other factors negates his ability to prevail under this factor.

In sum, because White has failed to carry his burden of showing that a preliminary injunction is warranted under any of the four relevant factors, the Court will DENY his motion for a preliminary injunction [20].