ON MOTION FOR REHEARING

ORFINGER, J.
We grant the motion for rehearing, withdraw our prior opinion and substitute this opinion in its stead.
The Florida Insurance Guaranty Association (“FIGA”)[1] appeals a non-final order, compelling it to participate in an appraisal in its sinkhole insurance dispute with Kenneth and Kathryn Sill. FIGA contends that appraisal is inappropriate under the facts of this case, the Sills waived their rights to appraisal, and the trial court should have conducted an evi-. dentiary hearing to determine whether an appraisable issue existed. We affirm the order insofar as it compels appraisal.
In November 2009, the Sills had a homeowner’s insurance policy with HomeWise Preferred Insurance Company. Their home sustained suspected sinkhole darn- *424 age, but HomeWise denied the claim. The Sills sued HomeWise in December 2010 for breach of contract. HomeWise answered, denying that a sinkhole loss had occurred. In December 2011, following HomeWise’s insolvency, the action was stayed when FIGA was activated and assumed the Sills’ claim. In May 2012, the stay was lifted, and FIGA was substituted as the defendant. In October 2012, the trial court granted FIGA’s request for an additional stay pending the outcome of neutral evaluation. The neutral evaluator concluded that sinkhole activity could not be ruled out as a cause of the Sills’ loss, and recommended certain subsurface repairs. On April 15, 2013, FIGA accepted coverage for the Sills’ loss by letter. On May 13, the Sills wrote back, demanding appraisal. On July 30, the Sills filed a motion to compel appraisal, which was granted.
On appeal, FIGA first argues that the trial court should not have ordered appraisal because the only dispute between the parties was about the “method of repair” rather than the “amount of loss.” In Florida Insurance Guaranty Ass’n v. Branco, 148 So.3d 488, 491-93 (Fla. 5th DCA 2014), we rejected virtually identical arguments. We again reject these arguments.[2]
FIGA next asserts that the Sills waived their rights to appraisal by engaging in extensive litigation from December 2010 to July 2013. We review this issue de novo on the undisputed facts. Branco, 148 So.3d at 493. Waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal. See id. at 493 (citing Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005)). As we explained in Branco,
the question of waiver of appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether [the insureds] acted inconsistently with their appraisal rights. Saldukas, 896 So.2d at 711; see Am. Capital Assur. Corp. v. Courtney Meadows Apartment, L.L.P., 36 So.3d 704, 707 (Fla. 1st DCA 2010) (finding party did not waive right to appraisal as party had not acted inconsistently with right from time of demand).
Unlike arbitration, “[a]ppraisal exists for a limited purpose-the determination of ‘the amount of the loss.’ ” Citizens Prop. Ins. Corp. v. Mango Hill # 6 Condo. Ass’n, 117 So.3d 1226, 1230 (Fla. 3d DCA 2013). Until the insurer has a reasonable opportunity to investigate and adjust the claim, there is no “disagreement” (for purposes of appraisal) regarding the value of the property or the amount of loss to be appraised. Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass’n, 48 So.3d 188, 191 (Fla. 3d DCA 2010) (reversing prematurely-ordered appraisal). An insurer that denies coverage does not need to seek *425 appraisal before litigation because “[i]t would make no sense to say that [the insurer] was required to request ... appraisal on a loss it had already refused to pay.” Gonzalez v. State Farm, Fire & Cas. Co., 805 So.2d 814, 817 (Fla. 3d DCA 2000); see Chimerakis v. Sentry Ins. Mut. Co., 804 So.2d 476, 480 (Fla. 3d DCA 2001) (holding “an action to compel appraisal does not accrue until the policy conditions precedent have been performed or waived, and appraisal is then refused”). Absent contract language to the contrary, we see no reason why the insured should not have the same flexibility in cases when coverage is denied. But see Cypress Pointe at Lake Orlando Condo. Ass’n v. Mt. Hawley Ins. Co., No. 6:10-cv-1459-Orl-36TB S, 2012 WL 6138993, at *2 (M.D.Fla. Nov. 19, 2012) (finding insured acted inconsistently with appraisal right by pursuing litigation for two years, though insurer consistently denied coverage).
148 So.3d at 493-94.
Here, FIGA acknowledged that the Sills had suffered a sinkhole loss, and agreed to comply with the neutral evaluator’s recommendations on April 15, 2013. Because coverage had previously been denied, appraisal was not appropriate until that time. Id. at 494 (determining appraisal not appropriate until coverage conceded or determined). The Sills demanded appraisal less than a month later and pursued no litigation activities in the interim. These undisputed facts do not demonstrate waiver. See id. (finding no waiver despite filing of discovery request).
Finally, FIGA argues that the trial court erred in compelling appraisal without an evidentiary hearing. The issue of waiver may, at times, require a hearing. See Doctors Assocs. v. Thomas, 898 So.2d 159, 162 (Fla. 4th DCA 2005) (holding question of waiver reviewable for competent, substantial evidence). However, when, as here, the underlying facts are undisputed, all that remains is to apply the law to the facts, and no evidentiary hearing is required. See Truly Nolen of Am., Inc. v. King Cole Condo. Ass’n, 143 So.3d 1015, 1017 (Fla. 3d DCA 2014) (reviewing issue of waiver de novo where facts undisputed); see also Bruce v. Reese, 431 Fed. Appx. 805, 806 (11th Cir.2011) (holding, in context of preliminary injunction, “[a]n evi-dentiary hearing does not need to be held where the facts necessary to rule on the motion are undisputed”).
Finding no error in the court’s determination to compel appraisal, we affirm. We dismiss the appeal as to the remaining issues raised by FIGA as they are outside our scope of review.
AFFIRMED IN PART; DISMISSED IN PART, and REMANDED.
WALLIS and LAMBERT, JJ., concur.

. "FIGA is a public, nonprofit corporation created by statute to provide a mechanism for payment of covered claims under certain classes of insurance policies issued by insurers which have become insolvent.” Fla. Ins. Guar. Ass’n v. Devon Neighborhood Ass’n, 67 So.3d 187, 189 (Fla.2011); see §§ 631.51, 631.55, Fla. Stat. (2011).

. FIGA also raises concerns regarding the limits on its liability and having to directly pay the insureds in contravention of section 631.54(3), Florida Statutes (2011). Our scope of review is limited to determining whether the court erred in compelling appraisal. We have no authority to decide whether the trial court applied the correct version of section 631.54(3), Florida Statutes. See Fla. R.App. P. 9.130(3)(C)(iv) (granting district court jurisdiction to review nonfinal order that determine “entitlement of a party to ... appraisal under an insurance policy”). However, we note that the First District has recently addressed this issue. See Fla. Ins. Guar. Ass'n v. Bernard, 140 So.3d 1023 (Fla. 1st DCA 2014) (collecting cases and holding that statutory definition of "covered claim” in effect at time insurer is adjudicated insolvent determines scope of FIGA’s liability under FIGA Act).