IN THE UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF NEW MEXICO 

JAMES SPRINGER, 

 Plaintiff, 

v. 
 Case 1:23-cv-00499-MIS-JMR 
SEVENTH JUDICIAL 
DISTRICT COURT, 
MERCEDES MURPHY, 
SHANNON MURDOCK-POFF, 
JASON JONES, AND 
SUSAN ROSSIGNOL, 

 Defendants. 

ORDER DENYING OPPOSED MOTION FOR STAY AND INJUNCTION PENDING 
 APPEAL 

 THIS MATTER is before the Court on Plaintiff James Springer’s Opposed Motion for 
Stay and Injunction Pending Appeal, filed September 29, 2023. ECF No. 42. Defendants filed a 
Response on October 13, 2023, ECF No. 50, to which Plaintiff filed a Reply on October 26, 2023, 
ECF No. 56. Having review the Parties’ submissions, the record, and the relevant law, the Court 
DENIES the Motion. 
 I. Relevant Background1 
 “Plaintiff is an independent investigative journalist who produces content intended to 
expose to the general public cases of government fraud, waste, and abuse.” ECF No. 1 ¶ 8(2).2 
Plaintiff displays content on a YouTube channel he operates called “James Freeman,” which has 

 1 The events giving rise to the Complaint are set out more fully in the Court’s Amended Order 
Denying Plaintiff’s Request for a Temporary Restraining Order/Preliminary Injunction. ECF No. 38 at 2-7. 

 2 The Complaint contains two paragraphs numbered “8.” The Court’s citation to paragraph 8(2) refers 
to the second paragraph 8, sequentially. 
approximately 444,000 subscribers. Id. ¶¶ 11-12. “The content Plaintiff posts on his YouTube 
channel and on other social media platforms often receives tens of thousands of views and 
frequently sparks robust debate about matters of public interest related to constitutional rights, the 
workings of government and other related matters.” Id. ¶ 13. 
 On June 9, 2023, Plaintiff filed a Complaint for Declaratory and Injunctive Relief, alleging 
violations of his rights under the First and Fourteenth Amendments to the United States 
Constitution, ECF No. 1 ¶¶ 29-41, and Article II, Sections 17, 18, and 23 of the New Mexico 

Constitution, id. ¶¶ 42-45. Plaintiff’s claims arise out of interactions between Plaintiff and 
personnel at New Mexico’s Seventh Judicial District Court which resulted in an Amended 
Administrative Order barring Plaintiff from entering courthouses within the Seventh Judicial 
District “unless appearing for a hearing or having specific Court business, in which cases [Plaintiff] 
shall be escorted and accompanied by the law enforcement, while in any of the buildings.” ECF 
No. 1-3. 
 Plaintiff incorporated into his Complaint a Request for a Temporary Restraining Order 
(“TRO”). Id. at 11-15. Defendants filed a Response to the Request, ECF No. 29, to which Plaintiff 
filed a Reply, ECF No. 33. 
 On September 22, 2023, the Court entered an Amended Order construing the Request as 

one for a preliminary injunction and denying the Request, finding that Plaintiff failed to satisfy his 
burden of establishing a substantial likelihood of success on the merits of his claims. ECF No. 34 
at 11. Specifically: 
 Plaintiff’s Motion wholly failed to identify the elements of his causes of action, 
 much less demonstrate a substantial likelihood that the facts of this case satisfy 
 those elements. Nor did he cite any legal authority supporting his claims, which is 
 grounds alone for denying the Motion. D.N.M.LR-Civ. 7.3(a) (“A motion, 
 response or reply must cite authority in support of the legal positions advanced.”); 
 Quarrie v. Wells, Civ. No. 17-350 MV/GBW, 2020 WL 2526629, at *4 (D.N.M. 
 May 18, 2020) (denying motion for failure to cite any supporting authority in 
 violation of Local Rule 7.3(a)); JL v. N.M. Dep’t of Health, 165 F. Supp. 3d 1048, 
 1069 (D.N.M. Feb. 24, 2016) (same). And at least one court addressing similar 
 facts has determined that restricting an individual’s access to a courthouse due to 
 disruptive behavior did not constitute a violation of the individual’s First and 
 Fourteenth Amendment rights. See Mead v. Gordon, 583 F. Supp. 2d 1231, 1238-
 43 (D. Or. 2008). See also Huminski v. Corsones, 396 F.3d 53, 86-87 (2d Cir. 
 2005) (“[C]ourt administrative, judicial, and other officials must at least have the 
 ability to close the courtroom door to any person whom they reasonably think may 
 pose a threat to person, property, or decorum. A potential spectator may be 
 excluded from a courtroom on a simple issue of propriety: reasonably unacceptable 
 dress, unruly behavior, efforts inappropriately to communicate views in the 
 courtroom, possession of personal property banned from the court (e.g., cell 
 phones, cameras, or recording devices), and the like.”). 

 In his Reply brief, Plaintiff argues—for the first time—that Defendants’ actions 
 constitute a “prior restraint” on the freedom of speech,3 and he is substantially likely 
 to succeed on the merits of his claims because “‘[a]ny system of prior restraints of 
 expression comes to th[e] Court bearing a heavy presumption against its 
 constitutional validity.’” ECF No. 33 at 5 (quoting Bantam Books, Inc. v. Sullivan, 
 372 U.S. 58, 70 (1963)). However, assuming arguendo that this argument is 
 properly before the Court, see Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 
 2011) (“[A] party waives issues and arguments raised for the first time in a reply 
 brief”), Plaintiff cites no authority supporting his argument that the Defendants’ 
 actions in this case constitute a prior restraint on speech or expression. Neither the 
 Administrative Order, the Amended Administrative Order, the Order Excluding 
 Presence, Chief Judge Murphy’s act of excluding Plaintiff from the video 
 teleconference hearing, nor Ms. Rossignol’s alleged [act] of refusing to serve 
 Plaintiff in the Clerk’s Office actually restrain Plaintiff’s speech or expression. 
 Rather, they restrain his access to court hearings and files. Plaintiff has cited no 
 authority—binding or persuasive—holding that restricting an individual’s access 
 to court hearings and documents constitutes a prior restraint on speech or 
 expression in violation of the First Amendment. See Gannett Co., Inc. v. 
 DePasquale, 443 U.S. 368, 399 (1979) (Powell, J., concurring) (finding that an 
 order excluding the press from a courtroom “differs substantially” from a “gag 
 order” prohibiting the press from publishing information already in their 
 possession, which is “a classic prior restraint”); Resnick v. Patton, 258 F. App’x 
 789, 792 (6th Cir. 2007) (finding that a judge’s refusal to permit the press to access 
 a case file while the case was pending did not constitute a prior restraint on speech) 
 (citing Application of NBC, Inc., 828 F.2d 340, 343 (6th Cir. 1987) (“This is not a 
 prior restraint case. NBC is not restrained by the district court’s order from 

 3 Neither the Complaint nor the Motion characterize Defendants’ actions as a “prior restraint” on 
speech. 
 publishing or broadcasting documents or information in its possession. Rather, the 
 case concerns the right of the public and representatives of ‘the media’ to have 
 access to documents filed in a district court at the preliminary stages of a criminal 
 prosecution.”)); United States v. Cianfrani, 573 F.2d 835, 861 (3d Cir. 1978) 
 (finding that limiting the media’s access to a pretrial suppression hearing did not 
 constitute a prior restraint on speech and did not violate the First Amendment). 

 For these reasons, Plaintiff has failed to carry his burden of establishing a 
 substantial likelihood of success on the merits of his claims. See Van Dyke v. 
 Retzlaff, Civil Action No. 4:18-CV-247, 2020 WL 1693023, at *3 (E.D. Tex. Apr. 
 7, 2020) (finding that the plaintiff failed to show a substantial likelihood of success 
 on the merits where he offered only conclusory allegations and cited no case law in 
 support of his claims); White v. Alcon Film Fund, LLC, 955 F. Supp. 2d 1381, 
 1383 (N.D. Ga. 2013) (finding that the plaintiff’s conclusory statement that he had 
 shown a substantial likelihood of success on the merits, “bereft of any legal support, 
 is plainly insufficient to carry [his] burden of showing a substantial likelihood of 
 success on the merits of his claims”). 

 Because Plaintiff failed to establish a substantial likelihood of success on the merits, 
 the Court must deny his Motion. See Vill. of Logan, 577 F. App’x at 766 (“[A] 
 plaintiff’s failure to prove any one of the four preliminary injunction factors renders 
 its request for injunctive relief unwarranted.”); Sierra Club, 539 F. App’x at 888 
 (“A party seeking a preliminary injunction must prove that all four of the equitable 
 factors weigh in its favor . . . .”). 

Id. at 11-14 (footnote in original). Plaintiff has appealed the Court’s Amended Order. See ECF 
No. 39. 
 On September 29, 2023, Plaintiff filed the instant Motion for Stay and Injunction Pending 
Appeal. ECF No. 42. Defendants filed a Response, ECF No. 50, to which Plaintiff filed a Reply, 
ECF No. 56. 
 II. Discussion 
 Plaintiff moves pursuant to Federal Rule of Appellate Procedure 8(a) for a stay and 
injunction pending his appeal of the Court’s Amended Order denying his Request for a 
TRO/Preliminary Injunction. ECF No. 42 ¶¶ 1-2. Defendants argue that a stay and injunction 
pending appeal are unwarranted under Federal Rule of Civil Procedure 62(c). ECF No. 50 at 3-7. 
 Federal Rule of Appellate Procedure 8(a) governs motions for stays and injunctions in the 
United States Courts of Appeal, while Federal Rule of Civil Procedure 62(c) governs motions for 
stays and injunctions in the United States District Courts.4 Hilton v. Braunskill, 481 U.S. 770, 776 
(1987). 
 Under both Rules, however, the factors regulating the issuance of a stay [and 
 injunction] are generally the same: (1) whether the stay applicant has made a strong 
 showing that he is likely to succeed on the merits; (2) whether the applicant will be 
 irreparably injured absent a stay; (3) whether issuance of the stay will substantially 
 injure the other parties interested in the proceeding; and (4) where the public 
 interest lies. 

Id. (citations omitted). See also Roman Catholic Diocese of Brooklyn v. Cuomo, __ U.S. __, 141 
S. Ct. 63, 66-68 (2020). 
 The movant bears the burden of proving these four factors. Wildmon v. Berwick 
 Universal Pictures, 983 F.2d 21, 23 (5th Cir. 1992); Securities Investor Protection, 
 962 F.2d at 968; see Coastal Corp. v. Texas Eastern Corp., 703 F. Supp. 36, 37 
 (S.D. Tex. 1989) (“the burden of production and persuasion” is with the movant). 
 “‘[I]t is the movant’s obligation to justify the court’s exercise of such an 
 extraordinary remedy.’” McGregor Printing Corp. v. Kemp, 811 F. Supp. 10, 12 
 (D.D.C. 1993) (quoting Cuomo v. United States Nuclear Regulatory Com’n, 772 
 F.2d 972, 978 (D.C. Cir. 1985)), rev’d on other grounds, 20 F.3d 1188 (D.C. 
 Cir.1994); 11 Federal Practice and Procedure, § 2904 at 503–05 (“Because the 
 burden of meeting this standard is a heavy one, more commonly stay requests will 
 not meet this standard and will be denied.”) “[T]he movant must address each 
 factor, regardless of its relative strength, providing specific facts and affidavits 
 supporting assertions that these factors exist.” Michigan Coalition v. Griepentrog, 
 945 F.2d 150, 154 (6th Cir. 1991) (citation omitted). 

First Sav. Bank, F.S.B. v. First Bank Sys., Inc., 163 F.R.D. 612, 614-15 (D. Kan. 1995). See also 
Nken v. Holder, 556 U.S. 418, 433-34 (2009) (“The party requesting a stay bears the burden of 
showing that the circumstances justify an exercise of that discretion.”); cf. Homans v. City of 

 4 Rule 62(c) provides, in relevant part: “Unless the court orders otherwise, the following are not stayed 
after being entered, even if an appeal is taken: (1) an interlocutory . . . judgment in an action for an injunction . . . .” 
Albuquerque, 264 F.3d 1240, 1243 (10th Cir. 2001) (stating that Tenth Circuit Rule 8.1 “requires 
the applicant to address” these factors). 
 Plaintiff’s Motion wholly fails to identify these factors, much less apply them to the facts 
of this case (or otherwise address, analyze, or prove them). Indeed, Plaintiff’s Motion—which is 
brief—is entirely devoid of legal or factual analysis. As such, it is subject to summary denial.5 
PTG, Inc. v. Reptilian Nation Expo, No. 2:23-cv-00840-DAD-JDP, 2023 WL 3582131, at *3 (E.D. 
Cal. May 22, 2023) (“Because plaintiff’s arguments are devoid of the factual and legal analysis 

necessary to establish its likelihood of success on the merits, plaintiff has clearly not met its 
burden.”); Elide Fire USA, Corp. v. Auto Fire Guard, LLC, Civil Action No. 21-cv-0943-WJM-
KLM, 2022 WL 18777076, at *3 (D. Colo. Nov. 17, 2022) (denying motion because, inter alia, “it 
did not include any substantive legal argument”); Bates v. Leon Cnty. Sheriff, Case No. 4:22-cv-
32-MW/MJF, 2022 WL 1721218, at *2 (N.D. Fla. Apr. 28, 2022) (recommending that the district 
court deny an emergency motion for a TRO which was less than one page long and “is utterly 
devoid of an analysis of [the relevant] factors”), report and recommendation adopted, 2022 WL 
1720464 (N.D. Fla. May 27, 2022); Makeen Inv. Grp., LLC as Tr. for Makeen Family Childs. Tr. 
v. Colorado, Civil Action No. 17-cv-2759-RM-STV, 2018 WL 6168063, at *2 (D. Colo. Nov. 26, 
2018) (denying motion as “conclusory and devoid of any legal or factual analysis”), aff’d, 825 F. 

App’x 565 (10th Cir. 2020). 

 5 Plaintiff cites the factors for the first time in his Reply brief, ECF No. 56 at 1, and argues that 
because the Court denied his Request for a Preliminary Injunction based primarily on is failure to establish a 
substantial likelihood of success on the merits (and not on his failure to establish the other three factors), the Court 
should grant the stay and injunction pending appeal, id. at 2. However, “‘a party waives issues and arguments raised 
for the first time in a reply brief.’” Gutierrez v. Cobos, 841 F.3d 895, 902 (10th Cir. 2016) (quoting Reedy v. Werholtz, 
660 F.3d 1270, 1274 (10th Cir. 2011)). 
 The Motion is also subject to denial because it—like Plaintiff's Request for a 
TRO/Preliminary Injunction—cites no supporting authority. See D.N.M.LR-Civ. 7.3(a) (“A 
motion, response or reply must cite authority in support of the legal positions advanced”); Quarrie, 
2020 WL 2526629, at *4 (denying motion for failure to cite any supporting authority in violation 
of Local Rule 7.3(a)); JL, 165 F. Supp. 3d at 1069 (same). Plaintiffs failure to cite authority 
supporting his position “suggests either that there is no authority to sustain [his] position or that it 
expects the court to do [his] research.” Rapid Transit Lines, Inc. v. Wichita Developers, Inc., 435 
F.2d 850, 852 (10th Cir. 1970). The Court declines the invitation. See id. 
 I. Conclusion 
 Therefore, it is HEREBY ORDERED that Plaintiff's Opposed Motion for Stay and 
Injunction Pending Appeal, ECF No. 42, is DENIED. 
 Merged Shviddnud 
 MARGARET STRICKLAND 
 UNITED STATES DISTRICT JUDGE